**ROBINSON et ux. v. LEACH.**

No. 15228.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

---

W. J. Durham, of Dallas, for appellants.

Henry Klepak and John P. Koons, both of Dallas, for appellee.

HALL, Justice.

Appellants Reuben Robinson and wife, Gertie Robinson, on or about the 18th of November, 1948, were the owners of Lot No. 22 in Block B/2447 of Hunnicutt Addition to the City of Dallas, Dallas County, Texas, which was their homestead, and on said date executed a mechanic's lien note to one A. C. Chapman in the sum of $5,650 for the construction of a five room cottage upon said lot, according to plans and specifications attached thereto.

Said Chapman proceeded to erect said building. On the 5th day of January, 1949, Chapman transferred and delivered said mechanic's lien note, along with the mechanic's lien contract, to appellee Morris Leach, after which Mr. Leach attempted to complete the building.

After appellee had done all the work he expected to do on the building, appellants refused to accept same and filed this suit to cancel said mechanic's lien against their homestead for non compliance with the terms thereof. In their petition, among other things, they alleged the following: "* * * That the defendant and the person under whom the defendant claims, among other things, agreed to put in said building the hereinafter named materials and to do the work hereinafter set out, which the defendant has failed to do, and which these plaintiffs are compelled to pay for, in order to have said building completed according to the aforesaid plans and specifications, and that said material and labor will cost the plaintiffs the following sums of money, * * * ." said itemized

list of materials and labor alleged to cost the total sum of $1218.50. They pleaded judgment for said amount as damages against appellee for not complying with provisions of the plans and specifications. Appellants further prayed for an injunction restraining appellee from interfering with their finishing said building accordingly.

The case was tried to the court, who entered its judgment based upon the testimony adduced, establishing appellee's lien in the sum of $4431.50, together with six per cent interest and ten per cent attorney's fees, which was the amount of the original lien less the sum of $1218.50, which appellants alleged would be the necessary additional cost required to finish the building according to the plans and specifications.

Appellants assign as error six points, complaining in the main that, first, there is no legal evidence to support the judgment; that it was error for the trial court to render judgment for appellee foreclosing the mechanic's lien upon their homestead, it being undisputed that appellee failed and refused to construct the building in accordance with the contract, plans and specifications, which constituted the basis for the validity of appellee's mechanic's lien contract; and, second, that the trial court erred in granting leave for appellee to file his trial amendment after both sides had rested and while the trial court had their briefs under consideration.

The mechanic's lien contract which appellants executed and owned by appellee, subject to the provisions therein, contained the following:

"It is understood and agreed that a failure to complete said improvements in accordance with said contract and plans and specifications, shall not make this Mechanic's lien void in whole but the lien shall be a valid lien for such labor and material as may be actually put upon the premises or in the event any Assignee shall acquire said note and lien, then such Assignee shall have a valid lien upon said premises for the amount paid by it or him for said note, or such Assignee shall be given the right to complete said improvements according to

the plans and specifications and shall in that event have a valid lien for the full amount of said note.

"Parties of the first part agree with any Assignee of said note that in the event the party of the second part shall not complete said improvements in the time and manner set out in said specifications that they will pay all costs of completing same over and above the amount of said note, and will pay the above described note in full according to—face, tenor and effect.

"It is agreed by all parties hereto that should the contractor abandon for a period of ten days the construction of said improvements, or shall fail for any reason to complete said improvements, then the owner of the aforesaid indebtedness shall be given the right, either personally or by agent, to take possession of said premises and complete the improvements contemplated by this contract; and in such extent the aforesaid liens shall inure to the benefit of the owner of said indebtedness in the same manner and to the same extent as though this contract had been completely performed by the contractor."

Appellants' contention before this court is that since the building was not completed according to the plans and specifications that the lien would not attach to their homestead, and cite for authority Murphy v. Williams, 103 Tex. 155, 124 S.W. 900. We agree with the holding in that case, but such contract as outlined therein did not contain the above provisions as executed by appellants in the instant case. It was pointed out in that case "The Murphys did not agree to pay for the value of any work and material that should be put into the house, but agreed to pay the lump sum of $3200 for the completed building." Said court, however, declined to pass upon the question of the validity of such provisions, but we note many cases where they have been held to be valid in a contract involving homesteads. Harrop v. National Loan & Investment Co. of Detroit, Michigan, Tex. Civ.App., 204 S.W. 878, writ refused; Miller v. Standard Savings & Loan Association of Detroit, Michigan, Tex.Civ.App., 88 S.

W. 2d 522, writ refused, and cases cited therein; North American Building & Loan Association v. Bell, Tex.Civ.App., 88 S.W. 2d 633; Farm & Home Savings & Loan Association of Missouri v. Muhl, Tex.Civ. App., 37 S.W.2d 316, writ refused; Mathes v. Williams, Tex.Civ.App., 134 S.W.2d 853.

We know of no law which will prevent a person from contracting to finish a homestead building upon his own volition by deducting from the original contract price the value of such expenditures that were necessary to complete same, as appellants set out in their pleadings.

The trial court granted them the amount for which they sued as an offset to said note. We find under the facts in this case that the trial court did not err while doing so, especially since appellants plead for the court to grant them such offset against their mechanic's lien contract in order to satisfy them as against appellee's obligation under the mechanic's lien contract.

We need not decide here whether or not appellee could foreclose his mechanic's lien or, in the alternative, sue for quantum meruit under the above provisions of the contract, if appellants had not plead for credit due to neglect of appellee in not finishing the building. By such pleadings they are bound, and cannot complain here in this court because the trial court sustained their wishes.

Appellee's trial amendment, of which appellants complain, is composed of provisions of the contract and lien as set out above and states that appellee relies on such provisions.

Under the record in this case we do not see that is was error for the trial court to allow the filing of said trial amendment, it being noted that appellants had theretofore attached to their petition a full copy of said mechanic's lien contract containing said provisions, which were outlined in the trial amendment, and prayed for judgment under them.

Judgment of the trial court is affirmed.