794

C. C. BOGEL et ux., Appellants,
v.
HOME LUMBER CO., Inc., et al., Appellees.
No. 15002.

Court of Civil Appeals of Texas. Dallas.
Oct. 21, 1955.

Rehearing Denied Nov. 18, 1955.

Richard F. Loomis, Jr., Dallas, for appellants.

Earl Luna, Luna, McCarthy & Berzett, Dallas, for appellees.

CRAMER, Justice.

C. C. Bogel and wife filed this action against M. S. Arnold, a contractor, and Home Lumber Company, Inc., to cancel a mechanic's lien contract, deed of trust, and deed of trust note; also to remove cloud from title to their homestead and for damages, costs, etc. Arnold answered by general denial. Home Lumber Company, Inc., filed exceptions to plaintiffs' petition, a general denial, and a cross-action in which it alleged the execution by Bogel et ux., on May 29, 1953, of a mechanic's lien note in the sum of $6,085, said note providing for interest, attorney's fees, etc.; and at the same time executed a mechanic's lien contract with M. S. Arnold as contractor in consideration of Arnold's constructing for the Bogels certain improvements on their homestead; and said note and mechanic's lien were, by proper endorsement and trans-

fer of lien, assigned by Arnold to the Home Lumber Co., Inc., who furnished lumber, etc., which was necessary to the carrying out by Arnold of his contract obligations to Bogel.

The mechanic's lien contract among other usual provisions provided: "It is understood and agreed that a failure to complete said improvements in accordance with said contract and plans and specifications, shall not make this mechanic's lien void in whole but the lien shall be a valid lien for such labor and material as may be actually put upon the premises or in the event any assignee shall acquire said note and lien, then such assignee shall have a valid lien upon said premises for the amount paid by it or him for said note, or such assignee shall be given the right to complete said improvements according to the plans and specifications and shall in that event have a valid lien for the full amount of said note."

Appellee prayed for judgment for $1,840.-20 plus 10% interest on the principal and 10% attorney's fees on the total amount; for foreclosure of the mechanic's lien and deed of trust liens, and general relief.

After hearing the evidence the jury on special issues found in substance: (1) That on the alteration work done by Arnold on the Bogel property before June 22, 1953, Arnold failed to substantially comply with the terms of the contract; (2) that the reasonable value of the work done and materials furnished between May 26, 1953 and June 22, 1953 for the Bogels under the terms of the Bogel-Arnold written agreement was $650; (3) that the reasonable cost after June 22, 1953 of completing the alterations on the Bogel house in substantial compliance with the terms of the Bogel-Arnold written agreement was $5,435; (4) that Mrs. Bogel did not refuse to permit M. S. Arnold to carry out the terms of the Bogel-Arnold written agreement; (6) that the Home Lumber Company furnished materials for alterations on the Bogel house as consideration for the note and liens involved herein; (7) that $581.62 was the reasonable value of the materials furnished for the Bogel house by Home Lumber Com-

pany as consideration for the assignment of the note and liens involved; (8) that Home Lumber Company advanced funds for labor and materials on the alterations on the Bogel house as consideration for the assignment of the note and liens involved herein; and (9) $1,239 is the amount of money Home Lumber Company advanced for labor and materials on the alterations to the Bogel house as consideration for the transfer of the note and liens involved.

Under such verdict, and the court's implied findings, judgment was rendered and entered that the Bogels take nothing against Home Lumber Company, Inc., and that Home Lumber Company recover against the Bogels $1,820.62 principal, $182.06 as attorney's fees, plus court costs; for foreclosure of its mechanic's lien and deed of trust liens to secure the payment of $650 of the $1,820.62 judgment; and for $182.06 attorney's fees.

From such judgment the Bogels, after their motion for new trial was overruled, duly perfected this appeal, here briefing two points of error, in substance: (1) Error in decreeing foreclosure against the Bogel homestead for the sum of $650, in view of the fact that it was established by the evidence, and the jury found in response to special issue No. 1, that the contractor M. S. Arnold failed to substantially comply with the terms of the building contract; (2) error in rendering a personal judgment in favor of Home Lumber Company, Inc., in the amount of $1,820.62 principal plus interest at the rate of 6% per annum from date of judgment, together with $182.06 attorney's fees; and in granting foreclosure of the lien to the extent of $650, in view of the fact that it was established by the verdict of the jury that the total amount of materials furnished and advancements made by appellee Home Lumber Company, Inc., was $1,820.62.

These points are countered that the court did not err in (1) decreeing foreclosure against appellants' homestead for the amount of $650, in view of the jury's finding in response to special issue No. 2 that the value of the work done and materials fur-

nished under the terms of the Bogel-Arnold written agreement was $650, where the mechanic's lien contained the provision hereinabove set out and appellee Home Lumber Company was a bona fide purchaser for value of the note and lien; and (2) in rendering judgment in favor of Home Lumber Company for the sum of $1,820.62 plus interest, together with $182.06 attorney's fees, and in granting foreclosure in favor of said Lumber Company in the amount of $650, where the foreclosure was only to secure $650 of the principal amount and was not in addition thereto.

■ Point 1, and counter-point 1, involve only the question of the validity of the lien against appellants' homestead. The jury's answer to special issues submitted, material here, found that the reasonable value of the work performed and materials furnished by the contractor was $650. The jury also found that $5,435 was the reasonable cost, after the contractor abandoned the contract, to complete the contracted alterations in substantial compliance with the contract. If the $650 is paid now, it would result in appellants having to pay $6,085 for the completed improvements, the exact amount called for in the original contract. Under such findings there is no error in the court's judgment since the final cost of completion is within the mechanic's lien contract price of such alterations and improvements covered by the contract. In Harrop v. National Loan & Inv. Co., Tex.Civ.App., 204 S.W. 878, at page 881 (error ref.), wherein the contract contained a paragraph as follows, " 'That a failure to complete the improvements herein contracted for shall not defeat such indebtedness and lien, but in such event the indebtedness and lien upon said premises and improvements shall exist in favor of said contractor, his heirs and assigns, for said contract price, less such amount as would be reasonably necessary to complete said improvements according to said plans and specifications' ", it was held that a contract for a mechanic's lien on the homestead could validly provide that failure to complete improvements should not defeat the lien for the contract price, less such amount as would be reasonably necessary to

complete the improvements contracted for. To the same effect is Galbraith-Foxworth Lumber Co. v. Long, Tex.Civ.App., 5 S.W. 2d 162, 163, syl. 2; and Robinson v. Leach, Tex.Civ.App., 237 S.W.2d 366, n. r. e.

Point 1 is overruled.

■ Point and counter-point 2 raise the question of a double recovery of the $650 item; that is, whether the judgment will permit a recovery of $650 plus $1,820.62. We do not construe the judgment as allowing a double recovery. However, in order to avoid any future question we here hold that under the wording of the trial court's judgment, the $650, when collected, either by foreclosure or process, is and shall be a credit on the $1,820.62 judgment and shall reduce the $1,820.62 judgment in the amount collected, so that under no circumstances shall there be collected more than a total of $1,820.62, plus attorney's fees, interest, and costs.

Finding no error in the trial court's judgment, it is

Affirmed.