## CONTINENTAL NAT. BANK OF FORT WORTH v. CONNER et al.

### No. 14904.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 27, 1948.

Rehearing Denied March 26, 1948.

G. L. Robertson and Thompson, Walker, Smith & Shannon, all of Fort Worth, for appellant.

Richard Owens, of Fort Worth, for appellees.

HALL, Justice.

On the 21st day of July, 1945, appellees, H. M. Conner et ux., executed a builder's contract with one A. D. Womack, for the purpose of employing Womack to build one five room frame building and a two car frame garage on Lot No. 11 in Block No. 4 of Homer L. Aikman Addition to the City of Fort Worth in Tarrant County, Texas. For such construction appellees agreed to pay $4250.00 and for a guaranty of such payment they executed one promissory note of even date, payable to Womack on or before ninety days after date, secured by a materialman's lien. The contract provided that said note might be assigned and the assignee or purchaser should have and be subrogated to all the rights and remedies of the payee.

The following stipulation is written in the face of the note:

" * * * This note is secured by a mechanic's lien of even date between maker and payee relating to: Lot 11 in Block 4, Homer L. Aikman Addition to the City of Fort Worth in Tarrant County, Texas, to which said mechanic's lien contract reference is hereby made. * * * "

On October 15, 1945, Womack hypothecated the contract and note to appellant, Continental National Bank, and secured therefrom a credit of $1,000.00. He endorsed the note and assigned in blank the mechanic's lien contract on said last mentioned date, and later by renewal he secured an additional credit of $400.00, dated November 10, 1945.

Womack died before the building was completed and appellant brought this suit to collect the $1400.00 which it had advanced Womack on the $4250.00 contract and lien note.

The contract provided that Womack should furnish all labor and materials, pay all bills, and that the building should be built of good substantial material accord-

ing to the plans and specifications signed by the parties, which were identified and made a part of the contract.

There were two issues submitted to the jury in answer to which they found, first, that it would take $1800.00 to complete the building; and, second, that it would take fifty days to complete the building. Upon such findings the court entered its judgment in favor of appellant in the sum of $913.00, with a foreclosure of. the lien. The judgment does not disclose by what method this amount was arrived at but in appellees' motion for a new trial it is stated in paragraph 7 that the sum of $913.00 was reached by the court taking the contract price of $4250.00 and deducting therefrom the sum of $1085.00 paid to the contractor Womack by appellees, plus the sum of $452.29 due for materials and other obligations owed by Womack, plus the sum of $1800.00 found by the jury to be the required amount to complete the building.

We find the case was submitted to the jury upon the wrong theory; such theory as submitted is known as the substantial performance rule, which gives the contractor the right to recover on the contract if he has substantially performed such contract less the reasonable cost of remedying trivial defects and omissions. See 7 Tex. Jur. p. 576, secs. 30 and 31.

The contract did not provide that the failure to complete said improvements would not defeat the lien or the right to sue upon the contract less such an amount as would be reasonable and necessary to complete said improvements according to the plans and specifications. Mathes v. Williams et ux., Tex.Civ.App., 134 S.W.2d 853; Sloan Lumber Co. v. Davis et ux., Tex.Civ.App., 19 S.W.2d 355, writ refused.

The sum of $1800.00 to finish a contract of $4250.00 would not be a substantial performance and therefore the cause of action would not lie as against the contract. But under certain circumstances the contractor and/or his assignee may recover on quantum meruit when there has been a partial performance which is based upon an implied agreement by the owner to pay for the structure or benefit received. See 7 Tex.Jur., p. 617, secs. 59 and 60; 10 Tex.Jur., p. 410, sec. 235; Enterprise Co. v. Neely et al., Tex.Civ. App.; 217 S.W. 1088. The measure of recovery for partial. performance by a contractor on quantum meruit is the reasonable value of the work done and materials furnished less any payments made to him, as well as any damage which the owner may have suffered. See 7 Tex.Jur. p. 620, sec. 61.

The appellant presents two points of error. The first one complains of the judgment because the court erred in not rendering judgment for appellant for the full $1400.00, which amount the contractor owed appellant for money borrowed by reason of the transactions referred to supra; that appellant was a holder in due course of the note sued upon and therefore was entitled to recover the face amount thereof. In its argument supporting this contention, appellant submits that there is no evidence that the Bank had knowledge of any defects in the note or that it had knowledge of the fact there was any intention on the part of Mr. Womack, the original payee, that the improvements provided for in the mechanic's lien contract would not be completed. This contention of appellant is not tenable. As stated supra, it is written in the face of the note that it is secured by a mechanic's lien of even date, to which said mechanic's lien contract reference is thereby made. The original payee could not have transferred a greater interest in the mechanic's lien note than he held himself and the mechanic's lien note along with the lien contract referred to in the note obligated the payee to construct the building. While it is true, as argued by appellant, that the mechanic's lien note, together with the contract, is transferable, yet that does not mean that the note is transferable without the obligation that goes with it as set out in the contract, and therefore appellant is not an innocent purchaser without notice, as contended in its point; the same is therefore overruled. Tex.Jur., Vol. 5, p. 36, par. 28, p. 43, par. 34, p.

47, par. 37; Kirby Lumber Co. v. R. L. Lumber Co., Tex.Civ.App., 279 S.W. 546; Kelsay Lumber Co. v. Crowell, Tex.Civ. App., 19 S.W.2d 368; Perkins v. Locke et al., 88 Tex. 66, 29 S.W. 1048.

Appellant's second point complains of error of the court in not rendering it judg-ment for the amount sued for, to-wit: $1400.00, for the reason that the verdict of the jury was in favor of appellant and appellant would be entitled to recover on quantum meruit. The question of quantum meruit has heretofore been discussed in this opinion. We therefore overrule this assignment.

The judgment of the trial court is reversed and remanded for trial consistent with the holding in this opinion.