**Elizabeth KLEINER, Appellant,**

v.

**H. E. EUBANK, Appellee.**

No. 10956.

Court of Civil Appeals of Texas.

Austin.

June 13, 1962.

Rehearing Denied July 11, 1962.

Robert J. Potts, Jr., Gaynor Kendall, Austin, for appellant.

Jack Garey, Austin, for appellee.

RICHARDS, Justice.

Our original opinion is withdrawn and the following opinion is substituted. Suit was brought by H. E. Eubank upon a promissory note in the sum of $17,580.00 executed by Elizabeth Kleiner, a feme sole, appellant, in favor of Mr. and Mrs. James W. Bird, the note being secured by a mechanic's lien contract and deed of trust entered into between appellant as owner and Mrs. Bird as builder for the construction of a house to be built upon appellant's property in the City of Austin. The note, together with the mechanic's lien contract and deed of trust had been assigned by Mr. and Mrs. Bird to Eubank after its maturity.

In his petition Eubank first sought recovery against appellant on the note for $17,580.00, together with 10% interest from maturity and 10% attorneys' fees as provided therein and for foreclosure of the mechanic's lien contract and deed of trust upon appellant's property. In the alternative, in the event Eubank was not entitled to recover upon the note, recovery was sought against appellant for the full contract price of $17,580.00 as evidenced by the contract and note, together with interest and attorneys' fees and foreclosure of the liens, Eubank alleging that Mr. and Mrs. Bird, hereinafter referred to as "builder", had entered upon the construction of and substantially completed the house according to the contract and plans and specifications.

It was also alleged that appellant, hereinafter referred to as "owner", had requested certain extras, changes and modifications of the plans and specifications as agreed upon between the owner and the builder which had been completed by the builder and that the reasonable value of the work done and material furnished was $1,304.39, upon which sum certain credits in the sum of $560.00 had been allowed the owner by the builder and that as a result of the substantial completion of the construction contract and the furnishing of the extras the owner was indebted to Eubank as assignee of the builder in the sum of $18,324.39.

As a second alternative cause of action Eubank alleged that in the event that the builder did not substantially complete the construction contract, then the performance of the contract was prevented by the conduct of the owner in making unreasonable and arbitrary demands upon the builder and interfering with the completion of the work according to the contract, thereby preventing the builder from fully performing the contract and that since the builder had partially performed the construction of the house, the owner had taken possession, and had benefited therefrom for the reasonable value of the work performed and materials furnished in the sum of $18,324.34.

Under the alternative allegations based upon the note, mechanic's lien and deed of trust, Eubank alleged that he was entitled to recover attorneys' fees in the amount of 10% of the obligation plus 10% interest from the date of the maturity of the note.

Eubank also joined as parties defendant Freddie Lee Parks, Morris A. Walden, James Anthony, Robert L. Wilkes and Calcasieu Lumber Company alleging that such parties had asserted claims as materialmen and laborers for materials furnished and work performed on the house. Each of the materialmen and laborers as cross-plaintiffs brought cross-actions against Mrs. Bird as builder for the amounts owed them alleging the furnishing of work or materials and asking for the establishment and enforcement of mechanic's liens against the owner's property.

The trial was to a jury and based upon the jury's answers to the special issues the Trial Court entered judgment in favor of Eubank against appellant Kleiner in the aggregate amount of $23,775.67, being (1) for the sum of $15,580.00 on the alleged contract, plus $1,620.00 for "extras furnished" with interest on both sums "from November 15, 1959" at 10% per annum in the sum of $2,723.34, together with attorneys' fees calculated at 10% of the total of the foregoing amounts in the sum of $1,992.33 and interest on the entire amount at the rate of 10% per annum until paid; (2) for $1,860.00 as "damages" with interest thereon at the rate of 6% from the date of the judgment until paid and costs of suit; and (3) for foreclosure of the mechanic's lien asserted against appellant's property.

The impleaded laborers and materialmen were awarded judgment against Mrs. Bird as builder for the amounts of their claims plus interest and attorneys' fees and foreclosure of the mechanic's and materialmen's liens against appellant's property with a proviso that the proceeds of the sale under foreclosure be applied, first, to the payment of the cost of suit, second, to the payment of the laborer's and materialmen's liens, and third, to the payment of the judgment and lien in favor of Eubank, from which judgment this appeal has been perfected.

Appellant predicates her appeal upon five points of error, the first two of which are based upon the jury's answer to Special Issue No. 2 that the failure of the builder to complete the house in a good and workmanlike manner according to the plans and specifications was caused by interference or delay on the part of the owner upon the ground that there was no evidence to support the finding of the jury, or in the alternative that the finding is contrary to the overwhelming weight and preponderance of the evidence.

Special Issue No. 2 is as follows:

"Do you find from a preponderance of the evidence that Mrs. J. W. Bird's failure to complete the house in question in a good workmanlike manner according to the plans and specifications was caused by interference or delay on the part of the Defendant Kleiner, if any?"

to which the jury answered "Yes".

From a careful examination of the statement of facts, consisting of 800 pages, it is our opinion that appellant's first two points of error are without merit and must be overruled. The testimony of both the owner, the builder and the various subcontractors and materialmen (cross-plaintiffs) is conflicting as to whether the failure of the builder to complete the house in a good workmanlike manner according to the plans and specifications under the terms of the contract was caused by the interference and delay on the part of the owner or by the admitted failure of the builder and her subcontractors and materialmen to perform their respective obligations under their contracts in a good and workmanlike manner and to furnish materials and perform the work in compliance with the plans and specifications.

■ Appellant objected to the submission of Special Issue No. 2 upon the ground that it was a general charge and that the jury were not given any standard by which they could gauge the completion of the house and further that the issue should inquire as to the builder's failure to substantially complete the house with an appropri-

ate explanatory definition of the phrase "substantially complete" which objection was refused by the Trial Court. Appellant did not request the submission of any issue as to whether the builder's failure to substantially complete the house according to the plans and specifications was due to the delays caused by the builder's or the subcontractor's and materialmen's failure to furnish materials and perform their work in a good workmanlike manner according to the plans and specifications and thereby waived the submission of such issue.

The Trial Court's refusal to submit the issue as to whether the builder's failure to substantially complete the house with an appropriate definition of the words "substantially complete" would have constituted error if the case had been tried upon the alternative first cause of action alleged in the petition that the house having been substantially completed under the contract and according to the plans and specifications the builder's assignee could recover under the contract evidenced by the note and mechanic's lien contract. Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377. However, the case was tried by appellant on the second alternative theory that there was no substantial completion under the contract but that there had been a partial completion since full completion under the contract had been prevented by the acts of the owner in interfering with the completion of the work.

■ Considering the conflicting testimony of the various witnesses as to the acts of the owner in interfering with or delaying the builder in the performance of the construction of the house, we must conclude that there was sufficient evidence upon which the jury could base its finding that the builder's failure to complete the house in a good workmanlike manner was caused by interference or delay on the part of the owner and that such finding was not contrary to the overwhelming weight and preponderance of the evidence. Appellant's points of error I and II are overruled.

Under her third point of error appellant contends that since the builder had not substantially performed but had breached the contract as to material matters having no causal connection with the acts of hinderance asserted against the owner, recovery could be had only in quantum meruit for the reasonable value of the work and materials furnished by the builder by which the owner benefited and therefore the judgment on the contract for the contract sum plus the extras and for damages should be reversed and the cause remanded for a new trial.

■ In Texas it is an established rule of law that where, as here found by the jury, the employee (builder) is prevented by the employer (owner) from completing the performance of his contract, he is entitled to recover for the part performed and the damages he has sustained by reason of the breach of contract by the employer. Carroll v. Welch, 26 Tex. 147. It is also established law that where an owner wrongfully interferes with a contractor and prevents his completion of the contract, the proper measure of damages where the contractor sues on the contract is the contract price less what would have been the cost to the contractor of completing the work, but that this is not the sole measure of damages since the contractor may treat the contract as rescinded and recover under quantum meruit the full value of the work done. Tower Contracting Company v. Flores, Tex.Civ.App., 294 S.W.2d 266, 272, 273; mod. and aff. 157 Tex. 297, 302 S.W.2d 396, 399.

A factual situation somewhat similar to the case at bar was considered by this Court in Timmins v. Independent Lumber Co., 7 S.W.2d 130, no writ history, holding that where the owner was at fault in stopping the work where the improvements were only about one-half completed and refused to permit the contractor to complete the contract for the improvements, it would be presumed that the contractor would have substantially performed the entire contract and therefore the assignee of the builder's

mechanic's lien contract was entitled to recover the contract price less the reasonable cost of completing the improvements according to the contract and the plans and specifications. Appellant's third point of error is overruled.

■ The jury found in answer to Special Issue No. 3 that the reasonable necessary cost of completing the house in a good workmanlike manner according to the plans and specifications was $2,000.00. Appellant attacks this finding under her fourth point of error as not being the proper measure of recovery by a contractor for partial performance of a contract where there was no substantial completion. In this connection appellant did not object to the submission of Special Issue No. 3 upon that ground but only that the issue was not an ultimate issue, was speculative and a general charge.

While the testimony of the builder, the subcontractors and materialmen (cross-plaintiffs), the owner and experts who testified for both the owner and the builder was conflicting as to the amount of money required to complete the house in a good and workmanlike manner according to the plans and specifications, nevertheless we cannot say that the finding of the jury that the cost of such completion would amount to $2,000.00 has no support in the evidence. The builder testified that it would cost approximately $1,000.00 to complete the work. The builder's expert, Patterson, testified that the cost of completion would be between $1,500.00 and $2,000.00 and the owner's expert, Reeves, estimated the cost of completion would be between $3,500.00 and $4,500.00. The jury being the judges of the credibility of the witnesses and the weight to be given their testimony and having found that the cost of completion of the house according to the plans and specifications would be $2,000.00, such finding should not be disturbed. The fourth point of error is overruled.

■ Appellant's fifth point of error is directed to that part of the judgment awarding attorneys' fees and interest prior to the

date of the judgment at the rate prescribed in the note. Since the cause of action upon which the case was tried was for recovery for partial completion of the dwelling house under the mechanic's lien contract, of which the note forms an integral part, both interest and attorneys' fees may be recovered as provided in the contract. However, as stated above, the note secured by the mechanic's lien contract and deed of trust was assigned by the builder to Eubank after the date of the maturity of the note and therefore Eubank was not a holder in due course. A note owner who is not a holder in due course takes subject to the defenses of the maker, including those arising from the building contract. Continental Nat. Bank of Fort Worth v. Conner, Tex.Civ. App., 209 S.W.2d 639, 641; 147 Tex. 218, 214 S.W.2d 928, 930.

In the case at bar the builder's obligation under the contract which was the consideration of the note, provided for full completion and delivery of the house to appellant free of liens on or before 100 days from April 16, 1959, the same day as the maturity in the note, and the undisputed evidence shows that the house was not completed until long after that date and the builder, at the date of judgment, had failed to discharge more than $4,000.00 of mechanic's and materialmen's liens which were her responsibility to discharge, the note did not become due on its maturity date and interest did not accrue therefrom. Ingham v. Harrison, 148 Tex. 380, 224 S.W.2d 1019, 1023.

■ On October 16, 1959 the owner advised the builder that she would no longer be permitted to complete the house and that she was relieved of all responsibility and the right of performance since the owner was assuming the responsibility of completion. On November 5, 1959 the builder notified the owner that she was calling upon her to pay the contract price for the construction of the improvements and that full and final settlement must be made on or before November 10, 1959 otherwise suit would be instituted against the owner for

the contract price and foreclosure of the liens. As a result, the builder's cause of action under the mechanic's lien contract for both the 10% interest and 10% attorneys' fees accrued on the date of demand. Appellant's fifth point of error is overruled.

Eubank alleged in his petition that during the course of the construction appellant from time to time requested the builder to construct certain extras, changes and modifications of the plans and specifications of the dwelling house, which were completed by the builder at a reasonable value for the extra work done and material furnished of $1,304.39 upon which sum the builder had agreed with the owner to allow the owner credits for work not done and material not furnished in an agreed amount of $560.00.

In answer to Special Issue No. 4 as follows:

> "What do you find from a preponderance of the evidence to be the reasonable and necessary cost of making such additions to and changes in the house in question, if any, as you may find from a preponderance of the evidence were effected by Mrs. J. W. Bird at the request of the Defendant Kleiner?"

the jury found the sum of $1,620.00, which amount was awarded to Eubank in the Trial Court's judgment.

It should be noted that the total amount which Eubank sought to recover under either his first or second alternative causes of action was the sum of $18,324.39, which consisted of the amount alleged to be due under the mechanic's lien contract in the sum of $17,580.00 plus $1,304.39 less the credit of $560.00 or $744.39 for the extra work done and material furnished.

Under Rule 301, Texas Rules of Civil Procedure, a judgment for money damages in excess of the amount pleaded is erroneous, even though the jury awarded a larger amount. Socony-Vacuum Oil Co. v. Aderhold, 150 Tex. 292, 240 S.W.2d 751, 756. If the clerical error had been called to the attention of the Trial Court at the time of the entry of the judgment, it would have undoubtedly been corrected so as to award a recovery by Eubank of only $744.39 for the extras, additions or changes effected by the builder at the request of the owner. Denman v. Stuart, 142 Tex. 129, 176 S.W.2d 730, 731. The Trial Court's judgment is reformed to award Eubank a recovery of $744.39 instead of $1,620.00 for extra work done and material furnished with a proportionate adjustment of interest and attorneys' fees. Otherwise the judgment of the Trial Court is in all things affirmed.

Reformed and affirmed.