John L. DAVIDSON et ux., Appellants,

v.

V. R. CLEARMAN, Appellee.

No. 16526.

Court of Civil Appeals of Texas.

Fort Worth.

June 26, 1964.

Rehearing Denied July 17, 1964.

Gerald E. Stockard, Denton, Rawlings, Sayers, Scurlock & Eidson and Nelson Scurlock, Fort Worth, for appellants.

Coleman & Whitten and Royce Whitten, Denton, for appellee.

LANGDON, Justice.

V. R. Clearman, a contractor, appellee herein, instituted suit against John L. Davidson and wife, Jean, appellants, on a mechanic's lien note ($28,750.00) signed by them on August 26, 1961, plus "extras" or changes less a $4,000.00 credit and foreclosure of a mechanic's lien contract of even date securing said note with 10% interest from January 1, 1962, and $2,500.00 in attorney's fees.

The appellants filed an answer and cross-action alleging appellee failed to perform, enumerating some 30 or more defects and omissions on his part, and sought damages for his failure to substantially complete the contract.

By trial amendment appellee in alternative counts sought (1) to recover the contract price plus "extras" less the amount reasonably necessary to remedy any defects and (2) the reasonable value of the materials furnished and labor performed by him less the $4,000.00 credit with 10% interest from December 26, 1961, attorney's fees and foreclosure of the lien.

The mechanic's lien contract involved herein covered "extras" or changes and contained the following provision: "It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

The case was tried to a jury and judgment, based upon the jury verdict, was rendered by the court on August 30, 1963. It was in the amount of $23,150.00 representing $27,150.00 found by the jury to be the reasonable value of labor and materials furnished by appellee less the credit of $4,000.-00. It further provided for 10% interest on $23,150.00 from February 15, 1962, to the date of judgment amounting to $3,511.-00; attorney's fees in the sum of $2,500.00; foreclosure of the mechanic's and materialman's lien; interest at 10% on $23,150.00 from date of judgment until paid and 6% interest on the $2,500.00 attorney's fees from date of judgment until paid. The total judgment including $23,150.00, $3,511.00 interest and $2,500.00 attorney's fees amounted to $29,161.00.

The appellants' appeal is based upon thirteen points of error aimed chiefly at special issue No. 4 which the jury answered adversely to them. We affirm.

In answer to special issue No. 3 the jury found that the contract was not substantially performed by appellee and in answer to No. 4 that he was prevented from substantial performance by the acts and conduct of defendants or H. B. Portwood. (Mr. Portwood, father of Mrs. Davidson, was duly authorized to act as agent for appellants.)

Appellants contend that special issue No. 4 is not an ultimate issue, is too general, permits speculation by the jury and is not supported by the pleadings. They further contend by their brief that the issue should have inquired as to whether appellee was "wrongfully" prevented from substantial performance. Additionally appellants complain of the court's failure to render judgment notwithstanding the jury's answer to No. 4 and that it is not supported by any evidence and is contrary to the overwhelming weight and preponderance of the evidence.

In Kleiner v. Eubank, 358 S.W.2d 902 (Austin Civ.App., 1962, writ ref., n. r. e.), the court had under consideration an issue almost identical to the one here involved to which similar objections were made. Based upon that holding and authorities cited therein we are of the opinion that special issue No. 4 was properly submitted and under our examination of the record supported by the pleadings.

On the no evidence point we must consider the evidence which in its most favorable light will support the findings of the jury. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957); Dillard v. Griffin, 341 S.W.2d 696 (Fort Worth Civ.App., 1960, writ ref., n. r. e.); Henderson v. Smith, 354 S.W.2d 429 (Fort Worth Civ.App., 1962, no writ hist.). In the application of this test we have concluded that the evidence supports the submission of and the jury's answer to such issue.

In the light of the entire record we have concluded that the finding of the jury is not against the great weight and preponderance of the evidence but on the contrary is amply supported thereby.

The appellants further claim the court erred in awarding appellee (1) interest at 10% from February 15, 1962, (2) attorney's fees, and (3) in adjudging court costs against them.

Rule 131, Texas Rules of Civil Procedure, provides the successful party to a suit shall recover of his adversary all costs incurred therein except where otherwise provided. Since the appellee was the successful party the court correctly assessed the costs against the appellants. Good cause to authorize the court to adjudge the costs otherwise than above provided was not shown. Rule 141, T.R.C.P.

The mechanic's lien note sued upon provided for reasonable attorney's fees. It was stipulated that $2,500.00 was reasonable. The appellants now contend that since appellee recovered judgment on a quantum meruit he cannot recover under the contract. That since he did not perform the contract he cannot maintain an action on any part thereof. We find no merit to this contention. See Harrop v. National Loan & Inv. Co., 204 S.W. 878 (Fort Worth Civ.App., 1918, refused), and Galbraith-Foxworth Lumber Co. v. Long, 5 S.W.2d 162 (Dallas Civ.App., 1928, writ refused).

The mechanic's lien note and contract provided that all past due principal and interest on this note shall bear interest at 10% per annum. The contract contemplated completion of the house in 120 days which would have placed the completion date at approximately December 26, 1961. We are of the opinion that the note actually matured at an earlier date when the appellee was told to stay away from the

premises. Thus, the court did not err in allowing interest beginning at a later date, February 15, 1962, the date on which the appellants moved into the residence in question, to the date of the judgment. While the note provided for 10% interest on all past due interest and principal the judgment fails to award such interest on the accrued interest in the sum of $3,511.00. Both interest and attorney's fees provided for in a mechanic's lien contract, of which the note is an integral part, are recoverable in an action for partial completion under such a contract. Kleiner v. Eubank, supra. The rule is applicable here since according to the jury the appellee was prevented from completion of the contract by the acts of appellants or their agent and thus the provisions of the lien apply without any impairment.

In Harrop v. National Loan & Inv. Co., supra, this court had on appeal from the District Court of Denton County a case very similar to this. The mechanic's lien contract provided that failure to complete the improvements shall not defeat such indebtedness and lien but same shall exist for the contract price less the amount reasonably necessary to complete the contract in accord with the plans and specifications.

It was contended that since there was only partial completion under the contract a recovery on quantum meruit was destructive of any lien thereunder. This court in holding there was no impairment of the lien under such a provision said: "We know of no statutory or constitutional inhibition against this sort of provision, and believe that such a provision is valid. Under it a contractor, or his assignee, would not be required to bring his action in the form of quantum meruit, but he could bring suit on the contract, in which event the owner would have the election, by way of cross-action, to require a specific performance, or to plead a deduction in the amount of the contract price to the extent of the sum necessary to complete the contract according to its terms. * * *

"We think under the statute (article 5631, supra) a lien will be fixed upon a homestead only to the extent of the labor performed or material furnished, but we are of the opinion that a valid contract could be entered into by the owners and the contractor by the terms of which the contractor was to complete the house, except as to the painting or the papering or the plastering, etc., and that there would be a valid lien against the completed premises to the extent of the labor performed or the material furnished. We construe this contract as in effect providing that, in case the contractor should not perform some of the labor or furnish some of the material provided for by the terms of the contract, he would have a lien for the labor performed and material actually furnished, subject to the right of protection to the owner against a payment exceeding the contract price."

In 10 Tex.Jur.2d, Building Contracts, § 40, p. 42, it is stated, "A contractor may sue on the contract though he has only partially performed his undertaking, where full performance is prevented by the wrongful act of the owner, or where the owner is guilty of a breach that justifies the contractor in refusing further performance, and may recover at the rate fixed by the contract for the work actually performed. He may also sue on the contract when it provides that if the work is not completed the contractor shall be entitled to the contract price less such amount as may be reasonably necessary to complete the building according to the plans and specifications." Section 47, p. 50, of the same text states, "Where the contractor is entitled to sue on a quantum meruit for a partial performance of the contract, the measure of recovery is the reasonable value of the work done and materials furnished, less such damage as the owner may have suffered, where the failure fully to perform was due to the fault of the contractor, and less any payments already received by the contractor.

"The contractor is not entitled to anything in excess of the contract price for the

whole of the work unless prevention of the completion of the contract has been caused by the wrongful act of the owner."

■ It would appear from these authorities and the cases cited therein that the contractor, appellee herein, would not be entitled to damages as such or any amount in excess of the contract price, excluding extras or changes, unless he was prevented from completion of the contract by the "wrongful" act of the owner. In this case the appellee's pleadings did not include any allegations for damages and none were awarded. The conduct of the owner in preventing completion of a contract does not necessarily have to be wrongful to excuse the contractor from full performance and entitle him to the material and labor furnished by him or to preserve the lien to which he is entitled under a mechanic's lien contract when such contract contains the provision for partial performance as it did in this case.

■ Further where the failure to fully perform under the contract is due to the action of the owners or their agent the owners would not be entitled to damages for such partial performance resulting therefrom. We, therefore, find no error in the court's failure to award damages to appellants in the sum of $2,000.00 representing the difference between the $29,-000.00 value of the residence as is and its value of $31,000.00 if completed as found by the jury.

■ We are further of the opinion that the court did not err in failing to allow appellants credit on the judgment for any payments made by them for materials used in the construction. The court awarded appellee judgment based upon the amount found by the jury to be the value of the labor and materials furnished by the appellee. This amount was exclusive of the value of any materials furnished by appellants.

■ The court admitted a second set of plans in evidence after it was developed that the only difference between them and the plans placed in evidence by the appellants was the drawing of the brick wing referred to in the contract. Other minor differences were made known to the jury. Based upon our examination of the record we can see no reason why the introduction of the plans would or did confuse the jury.

■ It was not error for the court to award judgment on the basis of the value of the material and labor furnished by appellee as found by the jury and to order foreclosure of the lien. Such a recovery on a quantum meruit was not destructive of any lien provided by the contract in question. Harrop v. National Loan & Inv. Co., supra; Robinson v. Leach, 237 S.W.2d 366 (Fort Worth Civ.App., 1951, writ ref., n. r. e.); Galbraith-Foxworth Lumber Co. v. Long, supra.

■ When full performance of a contract is prevented by the acts or conduct, whether wrongful or otherwise, of the owner after partial performance by the contractor the latter is excused from full performance and may sue upon the contract which provides for partial performance and enforce the lien to the extent of the work and labor performed under such contract and enforce other provisions thereof such as interest and attorney's fees to which he may show himself entitled.

The cases cited by appellants are not applicable to the facts of this case since for the most part they pertain to cases where the contracts in question did not contain a partial performance provision.

The Harrop case, supra, has been cited with approval in a number of cases. See Magee v. I. & G. N. Wood & Coal Co., 269 S.W.2d 498 (San Antonio Civ.App., 1954, writ ref., n. r. e.), in an opinion by Justice Norvell, now an Associate Justice of the Supreme Court of Texas, in which he cites the Harrop case, and others which have followed it and distinguishes them from cases which do not involve a pro-

vision for partial performance. See also Mathes v. Williams, 134 S.W.2d 853 (Amarillo Civ.App., 1939, no writ hist.), which points up this difference. Appellants cite the Magee case, supra, but we find no application to the facts here involved.

All of the appellants points of error are overruled for the reasons aforesaid and the judgment of the trial court is accordingly affirmed.

Affirmed.