**John L. DAVIDSON et ux., Petitioners,**

**v.**

**V. R. CLEARMAN, Respondent.**

**No. A–10339.**

Supreme Court of Texas.

April 28, 1965.

On Rehearing June 16, 1965.

Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Gerald E. Stockard, Denton, for petitioners.

Coleman & Whitten, Denton, for respondent.

GRIFFIN, Justice.

This is a suit by respondent Clearman, as plaintiff, against petitioners John L. Davidson and wife, as defendants, to recover on a mechanic's and materialman's contract and the note given by the Davidsons to Clearman to pay for the erection of a house on property belonging to the Davidsons. Clearman's pleadings on which he went to trial declared upon the written contract and note. During the course of the trial, Clearman was permitted to file a trial amendment in which, in the alternative, he sought to recover on quantum meruit. No homestead question has been raised nor did plaintiff seek to foreclose a constitutional lien to secure the labor and material used by him in carrying out the mechanic's and materialman's contract. Plaintiff sought recovery of attorney's fees as provided in the contract and note, and had no plea for recovery of statutory attorney's fees under Art. 2226, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2226.

A trial before a jury resulted in the court rendering judgment for plaintiff against the defendants for the reasonable value of the work performed and the materials furnished by plaintiff Clearman in constructing the house, less certain credits and plus interest and attorney's fees and for foreclosure of the mechanic's and materialman's lien on the property. Defendants appealed to the Court of Civil Appeals,

which affirmed the trial court's judgment. 380 S.W.2d 836.

We modify the judgments of the courts below and, as modified, affirm judgment for plaintiff as hereinafter set out.

The material facts are as follows: After the execution of the mechanic's and materialman's lien and its accompanying note for $28,750.00, Clearman began to construct the improvements.

The improvements were to be completed within one hundred twenty (120) days from August 26, 1961, and the note was due at the end of such one hundred twenty (120) days. Much discussion took place between the parties regarding Clearman's compliance with the terms of the contract.

Defendants, Davidsons, moved into the house February 15, 1962, and continued to occupy the same, but refused to make any payment on the note—other than $4,000.00 theretofore paid—on the ground that Clearman had not performed his obligations under the contract and further payments were not due.

The jury found: (1) That defendants did not move into the house (February 15, 1962) and occupy it to the exclusion of plaintiff Clearman; (2) that there were defects and omissions in the house constructed by plaintiff other than those agreed upon by the parties; (3) that plaintiff did not substantially perform his contract; (4) that an agent of defendants prevented plaintiff from substantially performing his contract; (5) the reasonable value of the work and materials furnished by the plaintiff was $27,150.00; (6) and (7) that the difference in the value of the house in its then condition and its value if it had been constructed in accordance with the contract and without the defects and omissions was the sum of $2,000.00.

On these answers the trial court first rendered a judgment for the plaintiff on the contract. This judgment specifically set out the contract price plus the additions

agreed upon between the parties. From this total the judgment specifically enumerated the credits under the contract and pleadings to which the defendants were entitled, subtracted these credits and the $2,000.00 damages from the enumerated charges and rendered judgment for plaintiff against the defendant for the balance remaining. This judgment also carried interest at the contract rate of 10% per annum from February 15, 1962, plus $2,500.-00 attorney's fees. The note provided for a reasonable attorney's fee in the event suit was filed. It was stipulated that if an attorney's fee were recoverable, the sum of $2,500.00 was a reasonable fee. The court ordered a foreclosure of the mechanic's and materialman's lien under proper order of sale and adjudged all the costs against the plaintiff Clearman.

Later the trial court rendered what was termed a corrected judgment. This judgment carried forward the interest, attorney's fees and foreclosure provisions of the first judgment, but rendered judgment for plaintiff against the defendant for $27,150.-00, as found by the jury to be the reasonable value of labor and materials furnished by the plaintiff in constructing the improvements. Credit on this amount was limited to the $4,000.00 paid by defendants prior to filing suit. This corrected judgment was rendered on the plaintiff's plea for quantum meruit, plus the contract attorney's fee and interest. Defendants appealed from this judgment, but no appeal or cross-assignments were filed by plaintiff.

Defendants Davidson, as petitioners in this Court, have a number of errors assigned, but the controlling question in our opinion is that raised by defendants' contention that since judgment was rendered on quantum meruit, plaintiff cannot recover under the contract for the attorney's fees, the contract interest rate, nor for foreclosure of the mechanic's and materialman's lien.

■ The right to recover on quantum meruit does not grow out of the contract, but is independent of it. It is based upon the promises implied by law to pay for beneficial services rendered and knowingly accepted. Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S. W.2d 1031–1034 (1937); City of Sherman v. Connor, 88 Tex. 35, 29 S.W. 1053–1056, (1895); Childress v. Smith, 90 Tex. 610, 40 S.W. 389, l. c. 1st col. 391 (1897); Magee v. I. & G. N. Wood & Coal Co., Tex.Civ. App., 1954, 269 S.W.2d 498, writ refused n. r. e.; Paschall v. Pioneer Savings & Loan Co., 19 Tex.Civ.App. 102, 1898, writ refused, 47 S.W. 98, 100; Osage Oil & Refining Co. v. Lee Farm Oil Co., Tex.Civ. App., 1921, 230 S.W. 518, 521, writ refused; 13 Tex.Jur.2d 553, § 304; see also Woodard v. Southwest States, Inc., Tex.Sup., 384 S.W.2d 674–675 (1964); Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427–429 (1945).

The case of Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928 discusses the question as to a foreclosure of a mechanic's and materialman's lien upon a quantum meruit recovery. The Conners, original defendants, had made a mechanic's and materialman's lien and executed a mechanic's and materialman's lien note to one Womack, a contractor, to secure the payment for certain improvements to be erected upon lots belonging to the Conners. The property was not a homestead. The work was to be completed October 21, 1945, and the note was payable the same date. October 15, 1945, six days prior to the maturity of the note, Womack borrowed $1000.00 from the bank and pledged the mechanic's and materialman's lien note as security for this loan. Womack also transferred the mechanic's and materialman's lien to the bank. November 10, 1945, the bank loaned Womack an additional sum of $400.00 which was likewise secured by the pledge of the note and lien. Womack died and did not complete the building contract. The jury found the contract had not been substantially complied with. On a jury verdict, the trial court rendered judgment

for the bank for an amount representing the excess of the contract price over the total payments made by the Conners to Womack, Womack's unpaid debts to workmen and materialmen and the jury's estimate of the cost to the Conners of completion of the work after Womack's default and death, and for foreclosure of the lien. On appeal, the Court of Civil Appeals held the bank could only recover what Womack could have recovered and that the bank was not a holder in due course, and reversed the trial court's judgment and remanded the cause for retrial on the issue of quantum meruit.

This Court held the bank was a holder in due course for the $1000.00 advanced prior to the maturity date of the note and reversed and rendered judgment for the bank for $1000.00 and for foreclosure of the mechanic's and materialman's lien.

As to the $400.00 advanced after maturity, this Court held the bank occupied the same position as the original contractor, and affirmed the Court of Civil Appeals' reversal for trial on quantum meruit. As to the right of the bank to foreclose its mechanic's and materialman's lien to secure the payment of the $400.00, this Court said:

"While the Texas cases denying foreclosure under such circumstance [quantum meruit recovery] seem to be all homestead cases and therefore not very persuasive against existence of the lien in the instant case (see, for example, Paschall et ux. v. Pioneer Savings & Loan Co., 19 Tex.Civ.App. 102, 47 S.W. 98), the prevailing view in other states denies the contractor the benefits of a mechanic's lien even in the absence of homestead considerations, unless he has substantially performed the lien contract [citing authorities]. Since the bank, therefore, does not have a lien on the premises for what it may recover on its $400 claim in quantum meruit, there is no complication involved in a sale of the property under the $1000 judgment be-

fore final adjudication of the $400 claim."

■ The contract in our present case, contains the following clause, relied upon by plaintiff to entitle him to a judgment foreclosing his contract lien:

"It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

There are no jury findings as to the amount of money which would be required to complete the contract; therefore, this provision cannot be applied in this case. In addition and more important is the fact that the recovery was had under quantum meruit and not under the contract. Quantum meruit being a recovery outside of, and independent of the contract, there was no lien agreed upon between the parties to secure the payment of a quantum meruit recovery. For this reason, there is no lien to be foreclosed, and the courts below erred in ordering a foreclosure of the mechanic's and materialman's lien contract.

■ The same reasoning prevents the recovery of interest and attorney's fees in accordance with the terms of the contract. No attorney's fees can be recovered in this case on quantum meruit. The recovery of interest is not under the contract, but interest is allowed on the sum due as damages for failure of the defendants to pay to plaintiff the amount due for the labor and material furnished. In the case of Watkins v. Junker, 90 Tex. 584, 40 S.W. 11 (1897), this court discusses the law applicable to allowing interest on unliquidated demands. In determining that interest at

the legal rate should be allowed from the date the money was due, this court, after stating that if interest is properly a measure of damages, it is such as a matter of law, said:

"  *  *  *  We think that it is an inconsistency to say that a right exists, which a jury may or may not enforce as they may deem proper, and we believe that, practically, the courts have come to the proposition that, in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted, the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him."

The defendants having taken possession of the property on February 15, 1962, the money due to plaintiff, whatever the amount, was fixed as of that date. The jury has determined this amount to be the sum of $23,150.00 ($27,150.00 value of labor and material furnished less the $4,-000.00 credit). Plaintiff is entitled to recover interest on this sum from February 15, 1962, at the legal rate of 6%.

The cases of Kleiner v. Eubank, Tex.Civ. App., 1962, 358 S.W.2d 902, writ refused, n. r. e.; Harrop v. National Loan & Investment Ass'n, Tex.Civ.App., 1918, 204 S.W. 878, writ refused; and Galbraith-Foxworth Lumber Co. v. Long, Tex.Civ. App., 1928, 5 S.W.2d 162, writ refused, do not control this case. Each of those cases were cases where recovery was had under a written contract specifically providing for foreclosure, interest and attorney's fees, and not recoveries under quantum meruit.

The judgments of both courts below are modified so as to eliminate the recovery of any attorney's fees; the recovery of 10% interest on the amount due to plaintiff by defendants; and for the foreclosure of the mechanic's and materialman's lien on the property.

Judgment is here rendered that the plaintiff recover of and from the defendants the sum of $23,150.00 plus interest thereon at the rate of 6% per annum from February 15, 1962, until August 22, 1963, in the sum of $2,110.52, for a total sum of $25,260.-52. This last amount shall draw interest at the rate of 6% from and after August 22, 1963, until paid.

## ON MOTION FOR REHEARING

Respondent's motion to retax costs is granted. All costs in the trial court are taxed against Petitioner John L. Davidson, as set forth in the trial court's corrected judgment entered August 30, 1963, as of August 22, 1963.

The costs incurred in the Court of Civil Appeals and in this Court are taxed against Respondent V. R. Clearman. Rule 139, Texas Rules of Civil Procedure.

It has been suggested that our decision in this case conflicts with the recent decision of this Court in the case of Woodard v. Southwest States, Inc., Tex.Sup.1964, 384 S.W.2d 674. We have no point of error before us attacking respondent's right to recover on his quantum meruit plea and therefore we do not decide this question.

Except as to the reapportionment of the court costs above set out, all motions for rehearing are overruled.