**Lee Roy DILL et ux., Appellants,**

v.

**David HELMS, Appellee.**

**No. 4986.**

Court of Civil Appeals of Texas, Waco.

May 13, 1971.

Rehearings Denied June 24, 1971.

Thomas Bartlett, Jack Welch, Marlin, for appellants.

Schultz & Martin, Mexia, for appellee.

OPINION

HALL, Justice.

Plaintiff-appellee is a lumber dealer and house builder. He was contacted by defendants-appellants regarding the construction of a residence on their 200-acre tract of land. Plaintiff agreed to complete the house by December 31, 1969, for a price of $32,600.00. Defendants executed a mechanic and materialman's lien contract and note in favor of plaintiff. The contract and note provided for ten percent additional on any unpaid balance as attorney's fees if placed in the hands of an attorney for collection; and the note further provided that all past due principal and interest would bear interest from maturity until paid at the rate of ten percent per annum.

Plaintiff brought this action for the balance allegedly due to him by defendants for his work on the house. Plaintiff first pleaded the contract and the note and alleged that toward the completion of the dwelling his only copy of the specifications disappeared from the job; that defendants have refused to furnish to him a copy of the original specifications agreed upon; that defendants did on one occasion offer him a copy of specifications which he recognized as not being those originally agreed upon; that it is impossible for him to complete the job because of the refusal of defendants to furnish him a copy of the specifications; that after commencement of construction defendants requested certain changes in material and labor which has resulted in a cost to plaintiff of $2,840.60; that "to date he has performed the contract as far as possible in the following amounts; contract performance to date, $27,554.50, and extra material and labor $2,840.60;" that defendants have paid plaintiff $20,000.00; and that defendants have refused to pay plaintiff the balance of $10,395.10, and have refused to furnish him with a copy of the specifications with which he could complete the house. Plaintiff then alleged that "the amount herein sued for is for material furnished and labor performed in the amount of $10,395.10. Plaintiff is entitled to recover interest at the rate of six percent per annum from January 1, 1970, and by virtue of notice under Article 2226 Vernon's Ann.Tex.St. plaintiff is entitled to recover reasonable attorney's fees" of $1,750.00. Plaintiff then prayed for recovery of the $10,395.10, costs, interest, attorney's fees in the amount of $1,750.00, foreclosure

of the mechanic and materialman's lien, and order of sale.

Plaintiff then alleged that "pleading in the alternative, if same be necessary, but still insisting on the petition of foreclosure above set out plaintiff would show the court * * * that at the insistence and request of defendants he furnished materials and labor which constituted a benefit to the defendants herein, for which said benefit he has not been fully paid and here now proceeds on the theory of 'quantum meruit';" that the labor and materials were furnished toward erection of a dwelling house in the amount of $30,395.10; that defendants have paid $20,000.00 toward the amount furnished but have, after demand, refused to pay the balance to plaintiff's damage in the sum of $10,395.10; that plaintiff is entitled to reasonable attorney's fees "under Article 2226 V.A.T.S." in the amount of $1,750.00. Plaintiff then prayed that "on the basis of 'quantum meruit'" he recover $10,395.10, costs, and attorney's fees in the amount of $1,750.00.

Answering, defendants generally denied plaintiff's petition, and by way of cross-action alleged that plaintiff had abandoned the construction of the house; that the mechanic and materialman's lien contract, being of record, constituted a cloud upon the title to their property; that if the residence had been constructed in accordance with the terms of the contract it would have had a value of $35,000.00; and that the value of the structure as it now stands is $12,000.00. They sought recovery of damages in the sum of $23,000.00, and an order quieting the title to their premises.

Trial was to a jury which found (1) that defendants failed to furnish plaintiff a true and correct copy of the specifications within a reasonable time after being being notified by plaintiff that his copy had been misplaced or lost; and (2) that such failure on the part of defendants justified plaintiff in stopping construction on the house; and (3) "that $30,395.10 has been expended" by plaintiff "for labor and materials on the house, both under the contract and for extras."

The judgment recites, and was rendered on, the verdict. Plaintiff was awarded a recovery of $10,395.10, with interest thereon at 10% from date of judgment until paid; foreclosure of the mechanic and materialman's lien; order of sale; and $1,000.00 for attorney's fees.

Defendants contend (1) that special issues one and two should not have been submitted to the jury because they do not find support in the pleadings or evidence. We disagree.

The record shows that defendants carried their house plans to plaintiff; and that, while they "talked back and forth" about the matter, an original copy of the specifications was made. Mrs. Dill prepared a copy from the original.

Construction on the house began in July, 1969. As was apparently customary in the business, plaintiff kept his only copy of the specifications, with the plans, on the job at all times, including nights and weekends. In late September, or in October, plaintiff's copy of the specifications disappeared.

Plaintiff testified that at the time the specifications were originally prepared the defendants agreed to furnish him with extra copies, but never did so; that after his copy was lost, he talked to both defendants, constantly, almost everyday, for about seven or eight weeks, trying to get a copy of the specifications, that he finally told Mr. Dill that "we had gone just as far as we could go, that we could not proceed with the construction without the specifications" but that Mr. Dill "refused to let us look at his or to furnish us with any specifications" and "told me anything I needed to know he would tell me;" that defendants "promised me copies every time I talked to them until right at the last, the day Mr. Dill told me he would tell me what I needed to know;" that it was not possible "under any circumstance" to complete the house without a copy of the specifications; that he told

defendants he would have to stop the job if they refused to furnish him a copy; that he completed the house as far as he could do so under the circumstances; and that the only reason he hasn't completed it in accordance with the contract is because he didn't have any specifications. He said that at one point after he had made demand on defendants for a copy of the specifications, Mr. Dill brought a copy of specifications to him, but he refused it because, after examination, he could see that it was not the original specifications agreed upon, and that it contained a number of items that were not in the original.

Mr. and Mrs. Dill denied that they agreed to furnish plaintiff additional copies of the specifications. Mr. Dill testified that his copy of the specifications has never been changed; that about the first of November he learned that plaintiff's copy was missing; that plaintiff did not ask to use his copy, but that plaintiff "asked me to let him have my copy and I told him, 'No;'" that he offered to make plaintiff a copy or let him make one from it; that sometime in November he gave plaintiff a copy of the specifications, and that plaintiff said, "no, that is not like the original, I don't want it."

■ It is the duty of the trial court to submit the controlling issues made by the written pleadings and the evidence. Rule 279, Texas Rules of Civil Procedure. However, in so doing, the court is not required to follow the exact wording of the pleadings. Rhodes v. Liberty Welding Works (Tex.Civ.App., 1965, writ ref., n. r. e.) 391 S.W.2d 796, 799. Under the record, we hold that special issues one and two fairly and substantially submitted controlling questions raised by the pleadings and evidence.

Defendants assert that the trial court erred (1) in foreclosing the lien and (2) in awarding attorney's fees and interest allowed by the contract and note. We sustain these contentions.

■ When a builder is prevented by an owner from completing the performance of his contract, the builder is entitled to recover for the part performed and the damages he has sustained by reason of the breach of contract by the owner; and, under such circumstances "the proper measure of damages where the contractor sues on the contract is the contract price less what would have been the cost to the contractor of completing the work but that this is not the sole measure of damages since the contractor may treat the contract as rescinded and recover under quantum meruit the full value of the work done." Kleiner v. Eubank (Tex.Civ.App., 1962, writ ref., n. r. e.) 358 S.W.2d 902, 905.

In the case at hand there is no pleading or finding as to what the cost would have been to plaintiff to complete the work; and it is plain that the case was submitted to the jury on the theory of quantum meruit—that is, for a determination of the value "of the labor and materials expended by plaintiff on the house."

In Davidson v. Clearman (Tex.Sup., 1965) 391 S.W.2d 48, the trial court rendered judgment for the builder on quantum meruit, and also granted him foreclosure of his mechanic and materialman's lien contract, with interest and attorney's fees under the contract. The court of civil appeals affirmed the trial court's action.

■ The supreme court, at 391 S.W.2d 51, held: "Quantum meruit being a recovery outside of, and independent of the contract, there was no lien agreed upon between the parties to secure the payment of a quantum meruit recovery. For this reason, there is no lien to be foreclosed, and the courts below erred in ordering a foreclosure of the mechanic and materialman's lien contract. The same reasoning prevents the recovery of interest and attorney's fees in accordance with the terms of the contract * * *."

Defendants have other points and contentions. All have been carefully considered. Under the record, none present error. They are overruled.

**612**

Plaintiff pleaded for and is clearly entitled to recover a reasonable attorney's fee under article 2226, Vernon's Texas Civil Statutes. However, we are unable to find any proof or stipulation in the record as to what a reasonable attorney's fee would be. The question of attorney's fee is severable from the other issues in the case, Great American Reserve Insurance Company v. Britton (Tex.Sup., 1966) 406 S.W. 2d 901, 907, and it is ordered severed therefrom.

Insofar as the judgment granted plaintiff an award for attorney's fee, it is reversed and that question is remanded to the trial court for determination. Rule 434, Texas Rules of Civil Procedure. The remainder of the judgment is modified to eliminate therefrom the foreclosure of the mechanic and materialman's lien, the order of sale, and the recovery of 10% interest on the judgment by plaintiff; and to provide that plaintiff shall have and recover 6% interest on the judgment from the date of its rendition in the trial court until paid. As so modified, the judgment is affirmed.

Trial and appellate costs are assessed 75% against defendants-appellants and 25% against plaintiff-appellee.