Jack PHILLIPS, Appellant,

v.

Ed TACKER, Appellee.

No. 5025.

Court of Civil Appeals of Texas, Waco.

July 8, 1971.

Rehearing Denied July 22, 1971.

W. A. Keils, Teague, for appellant.

Bradley & Geren, Carl Cannon, Groesbeck, for appellee.

## OPINION

JAMES, Justice.

In this case appellant Jack Phillips as owner entered into a "home made" written contract with appellee Ed Tacker as builder, whereby Tacker agreed to construct a certain building within a given time for Phillips for $3000.00, payable as follows: $1500.00 at the time when the cement foundation is poured, and the balance of $1500.00 within 15 days after the completion of the entire job. Trial was to a jury, which found that the building was constructed by the builder in substantial performance of the contract; and since the owner had previously paid $1500.00 on the contract, the trial court entered judgment for the remaining $1500.00 due under the contract, and in addition thereto $750.00 as attorneys fees, making a total sum of $2250.00 together with 6% per annum interest from the date of judgment, and costs of court.

The case comes to this court on an agreed statement of facts, and the sole question for determination is whether the builder is entitled to the $750.00 attorneys fees as provided for in the trial court's judgment.

The builder's pleadings upon which he went to trial, that is, Plaintiff's Original Petition, was pitched solely upon the theory of breach of contract, and the sole issue submitted to the jury inquired as to whether the builder had substantially performed the contract. The jury found that the builder had substantially performed the contract.

The owner brings this appeal attacking the entitlement of the builder to the $750.00 attorneys fee, the amount not being disputed as reasonable, if properly allowed.

■ The contract in question did not provide for attorneys fees; therefore, the builder must rely on Article 2226, Vernon's Annotated Texas Statutes, for entitlement to same; and the award cannot stand unless it is authorized by said statute. Tenneco Oil Company v. Padre Drilling Co. (Tex.Sup.Ct.1970), 453 S.W.2d 814. And since Article 2226 is penal in character, it must be strictly construed. Van Zandt v. Fort Worth Press (Tex. Sup.Ct.1962) 359 S.W.2d 893.

Article 2226 authorizes a recovery of attorneys fees by "any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts * * *." The builder's judgment for an attorney's fee must be reformed by deleting same if his claim against the owner does not fall into one of the seven classes set out in the statute. Since the claim in the instant case is not one for overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or founded upon a sworn account or accounts, that portion of the judgment awarding the attorneys fee must be reversed (or reformed) unless the claim can be held to be for (1) personal services rendered, (2) labor done, or (3) material furnished.

This claim for attorney's fees cannot be based on "materials furnished" because

the contract expressly provides in paragraph 1 that "all materials for the job will be supplied on the job by owner at his expense" (there being one exception stated to be the "heavy beams now in owner's warehouse", followed by an illegible sentence discussing this point). In other places in the contract, this intention is clearly expressed, that is to say, that the materials are to be furnished by the owner.

This brings us to the question as to whether the award for attorney's fees may be predicated upon either "personal services rendered" or "labor done". The *Tenneco* case, supra, clearly holds that claims for "personal services", within the meaning of Article 2226, includes only those claims for services rendered by the claimant *personally*. (italics ours). Likewise, in *Tenneco,* Chief Justice Calvert discusses at page 819 of the opinion in 453 S.W.2d what is meant by "labor done" under Article 2226, and holds it to be a "physical exertion type of personal service", calling it "continued exertion of the more onerous and inferior kind, usually and chiefly consisting in the protracted exertion of muscular force. * * * In legal significance, labor implies toil; exertion producing weariness; manual exertion of a toilsome nature."

*Tenneco* also holds that "a contract for *purely* personal services or for labor *only* will support an award for an attorney's fee." (italics ours).

However, the court clearly declares: "on the other hand, a suit based primarily upon a contract for a *product* or a *general service* will not authorize an award of an attorney's fee merely because performance of the contract may require employment of others to render personal services or to perform labor." (italics ours).

In our case at hand, the contract in essence provided that the builder produce a "product", namely the building in question, according to plans; that he would furnish the labor, that he would do the necessary supervision of the construction; that he would make separate bids for wiring, for carpentry work, and for plumbing, with the owner reserving the right in each instance to get this work done on other bids by third persons; that the builder agreed to perform his part of this contract for an agreed consideration of $3000.00.

We regard this contract as one calling for a "product or for a general service" that would not authorize an award of an attorneys fee under Article 2226.

Appellee cites Geo. Linskie Co. v. Miller-Picking Corp. (Tex.Sup.Ct.1971) 463 S.W.2d 170 in support of his claim for attorneys fees. In *Linskie,* the plaintiff's suit was based on a request by defendant to plaintiff to perform labor and to furnish materials for repair of air conditioners; and the Supreme Court in holding that attorneys fees were recoverable, pointed out that there was no agreement for a "turn-key" job on repair of the air conditioners. Attorneys fees were held recoverable on theory of "materials furnished".

In our case at hand, the contract was a "turn-key" job for a fixed sum with materials being furnished by the defendant owner; hence we do not believe the *Linskie* case is applicable.

Appellee also cites Dill v. Helms (Waco Court of Civil Appeals, 1971) 468 S.W.2d 608, wherein it was held attorneys fees were recoverable; however, this court in said opinion pointed out that the *Dill* case was tried on the theory of *quantum meruit* as opposed to suit on a contract— that is, for a determination of the value of the labor and materials expended by plaintiff on the house. In the *Dill* case, plaintiff originally sued on a mechanic's and materialmen's contract, and in the alternative sued in quantum meruit for the value of labor and materials furnished, and the case was tried on the quantum meruit theory.

Likewise the case of Davidson v. Clearman (Tex.Sup.Ct.1965) 391 S.W.2d 48, cited by appellee is not in point because the trial court's judgment in *Davidson* was based on quantum meruit whereas in our case judgment was upon the contract.

Lawson v. Holloman (Tex.Civ.App., 1951) 238 S.W.2d 987, does allow attorney's fees in a judgment recovered by plaintiff for a real estate commission. Such a recovery would be proper under the "personal services rendered" portion of Article 2226, and therefore we do not feel that Lawson v. Holloman is in point.

In the instant case, we believe the contract in question was for a product or a general service; that the trial court's judgment based upon it does not fall within any of the seven classes or bases of recovery of attorney's fees enumerated in Article 2226; that the trial court's judgment should be reformed by deleting the plaintiff's recovery of $750.00 attorney's fees, and as reformed, the trial court's judgment is in all other respects affirmed. Costs of appeal are taxed against the appellee.

Reformed and affirmed.