**BOCA CHICA HARDWARE COMPANY,**
Appellant,

v.

**AG–SPRAY SUPPLY COMPANY, Appellee.**

No. 5110.

Court of Civil Appeals of Texas,
Waco.

March 30, 1972.

Rehearing Denied April 27, 1972.

Naman, Howell, Smith & Chase, Paul N. Hubbard, Waco, Tom Clendenin, Jr., Brownsville, for appellant.

Haley, Fulbright, Winniford & Bice, J. P. Davis, W. C. Haley, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Boca Chica from judgment for $7864.24 plus $3873.74 attorney fees, in favor of plaintiff AG–Spray, in a suit on a sworn itemized account.

Plaintiff AG–Spray Supply Company, a corporation, sued Defendant Boca Chica, alleging AG–Spray sold and delivered to Boca Chica "all the goods in its inventory carrying the name of John Blue Products"; that such goods were sold and delivered as follows: "September 3, 1970—$2,622.33; September 10, 1970—$179.00; September 14, 1970—$422.10; September 25, 1970—$144.99; October 22, 1970—$42,295.25; Total $45,633.87"; that defendant has not paid for such equipment so delivered except for a credit of $29,476.26, and $3,756.98; that defendant refuses to pay for the balance due of $12,430.63. Plaintiff prayed for judgment for $12,430.63 plus $7000 attorney's fees. Plaintiff attached as an exhibit inventory of the goods delivered showing prices, sworn to by plaintiff's president.

Defendant answered by general denial, and plead defendant had originally sold plaintiff the goods; that plaintiff did not completely pay for same, and requested defendant allow plaintiff to return the items; that defendant agreed to accept the items at defendant's cost after deduction of all expenses incurred in accepting such goods plus a "10% restocking charge"; that the $3756.98 paid plaintiff represents all money due plaintiff.

Trial was to a jury which found:

1) There was no agreement between plaintiff and defendant that for the merchandise transferred and delivered by plaintiff to defendant, defendant would pay an amount equal to plaintiff's cost.

3) Plaintiff did not agree with defendant that defendant would take the merchandise at defendant's cost less a 10% restocking charge and expenses.

4) There was no agreement between plaintiff and defendant as to the amount to be paid for the merchandise transferred and delivered.

5) The reasonable cash market value of the merchandise transferred and delivered by plaintiff to defendant was $41,097.48.

6) A reasonable attorney's fee for plaintiff is $3873.74.

The trial court entered judgment on such verdict decreeing "Plaintiffs Oliver Pack, Leroy Pack, and Charles Pack d/b/a AG–Spray Supply Company" recover $7864.24 ($41,097.48 less the $29,476.26 owed defendant by plaintiff and the $3756.98 paid plaintiff by defendant) plus $3873.74 attorney's fees.

Defendant moved for a new trial. Prior to the time such motion for new trial was acted on by the trial court, plaintiff moved the court to correct clerical error in the judgment by deleting "Oliver Pack, Leroy Pack, and Charles Pack d/b/a AG–Spray

Supply Company," and substitute "AG–Spray Supply Company, a corporation," therefor. The trial court granted such motion and entered a corrected Final Judgment decreeing "AG–Spray Supply Company, a corporation" recover $7864.24, plus $3873.74 attorney's fees against defendant.

Defendant appeals on 8 points contending:

1) The trial court erred in entering the corrected Final Judgment for plaintiff because the error was not a clerical error, but a judicial error.

2) The trial court erred in entering the corrected Final Judgment because there is no evidence and insufficient evidence that defendant owed plaintiff any sum of money, or that any debt of defendant was transferred to plaintiff corporation by the partnership AG–Spray Supply Company, and such findings are against the great weight and preponderance of the evidence.

3) The trial court erred in entering judgment for plaintiff because there are no pleadings to support the judgment or the findings of the jury.

4) There is no evidence or insufficient evidence to support the jury's answer to Issue 5, and such finding is against the great weight and preponderance of the evidence.

5) Attorney's fees are not recoverable in this case as a matter of law.

6) The trial court erred in awarding attorney's fees because there was a fact issue as to whether this was a sale or a return of goods.

7) There is insufficient evidence to support the award of $3873.74 attorney's fees, and such finding is against the great weight and preponderance of the evidence.

■ Defendant's 1st contention asserts the trial court erred in entering the "Corrected Final Judgment." Such was entered prior to action on plaintiff's motion for rehearing, and while the trial court had jurisdiction of the cause. See Rule 329b Texas Rules of Civil Procedure. Such action was not error.

■ Defendant's 2nd contention asserts there is no evidence or insufficient evidence that any debt of defendant was transferred to plaintiff corporation by the prior partnership. AG–Spray was a partnership during part of its dealing with Boca Chica. AG–Spray became a corporation in January 1971, and is plaintiff in this case. The witness Pack testified that this cause of action belonged to the plaintiff corporation. The evidence is ample that the cause of action belonged to plaintiff corporation.

■ Defendant's 3rd contention asserts there are no pleadings to support the judgment or the findings of the jury. Plaintiff pled an agreement by defendant to pay the plaintiff's cost of the merchandise delivered; and defendant pled an agreement to pay plaintiff's cost less certain deductions. The trial court submitted both positions in issues 1, 3, and 4, and also submitted in issue 5 an inquiry as to the value of the merchandise delivered by plaintiff to defendant. No objection was made to the submission of issue 5 and the record reflects that this issue was tried by implied consent of the parties.

■ Defendant's 4th contention is that there is no evidence or insufficient evidence to support the jury's answer to issue 5. There is evidence that the value of the merchandise delivered by plaintiff to defendant was $53,000. to $54,000.; that it was $30,000. to $34,000.; that the cost to plaintiff was $45,633.; and that some of the merchandise had depreciated. The jury found the value to be $41,097.48. There is ample evidence to support the finding, and such is not against the great weight and preponderance of the evidence.

Defendant's contention 5 asserts that attorney's fees are not recoverable as a matter of law; contention 6 asserts there was a fact issue whether this was a sale or return of goods; and contention 7 asserts the

award of $3873.74 attorney's fee, against the great weight and preponderance of the evidence.

▪ Title and possession of the merchandise was in plaintiff. It was delivered to and received by defendant. The merchandise was thus sold by plaintiff to defendant, even though there was no agreement as to the price defendant would pay, and recovery was on the market value of the merchandise. See: Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75. In such situation attorney's fees are recoverable under Article 2226 Vernon's Ann.Tex.St. See: Dill v. Helms, Tex.Civ.App. (NRE) 468 S.W.2d 608. Plaintiff was awarded $3873.74 attorney's fees.

▪ There is evidence that a ⅓ contingent fee, or $5000. plus $1000. for handling the case on appeal would be a reasonable attorney's fee. There is ample evidence to sustain the award, and same is not against the great weight and preponderance of the evidence.

All defendant's points and contentions have been considered and are overruled.

Affirmed.