**C & W MANHATTAN ASSOCIATES,**
**Appellant,**

v.

**ATTORNEY'S TITLE COMPANY OF**
**HENDERSON COUNTY, TEXAS,**
**INC., Appellee.**

**No. 1383.**

Court of Civil Appeals of Texas,
Tyler.

March 26, 1981.

Rehearing Denied May 7, 1981.

Timothy A. Beeton, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellant.

William H. Kugle, Jr., Kugle, Douglass & Skelton, Athens, for appellee.

MOORE, Justice.

This is an action for services rendered pursuant to an agreement to provide a mortgagee's title insurance policy.

C & W Manhattan Associates, appellant, is in the business of developing K-Mart stores. In the spring of 1977 appellant acquired an option to purchase a tract of land in Henderson County, Texas. In September of that year, appellant arranged with Attorneys Title Company of Henderson County, Texas, Inc., appellee, to do the title insurance work in connection with the purchase of the tract of land. Subsequently, the title company issued an owner's title insurance policy in the amount of $60,000 and a mortgagee's title insurance policy in the amount of $54,000. Appellant paid the title company the statutory premium for the two policies. Between November 1977 and May 1978 appellee was in contact with appellant and filed several instruments in connection with the tract of land. On May 1, 1978, the title company issued a Mortgage Title Policy Binder on the interim Construction Loan, for which it was paid the statutory premium.

On November 6, 1978, appellant wrote the title company and requested it to prepare a mortgagee's information letter to be issued in favor of the primary lender in the amount of $1,175,000 preliminary to the issuance of the final mortgagee's title policy. Upon receipt of this request the title company did a title update and prepared the mortgagee's information letter. There was to be no charge for the mortgagee's information letter. On or before November 10, 1978, appellant notified the title company to cancel the order for the mortgagee's information letter and title policy because the lender providing secondary financing on the project was requiring that the title policy be issued by a different title insurance company. On November 10, 1978, the title company issued the mortgagee's information letter and subsequently made demand for payment of $3,333.20, an amount equal to the statutory premium for the title policy, less 20% which would have gone to the underwriter. Appellant refused to pay the amount claiming appellee was not entitled to payment since it had not issued a policy.

Appellee filed suit alleging a cause of action based upon contract and in the alternative, quantum meruit. In response, appellant filed a motion for summary judgment on both causes of action, contending that appellee did not have a cause of action under either theory because the Texas Insurance Code totally regulates the conditions and circumstances under which appellee can recover fees, charges or premiums in connection with the issuance of a title insurance policy and that these regulations do not allow appellee to collect a fee in the event of cancellation of an order for title insurance. The trial court heard the motion prior to trial but reserved its ruling until after trial. After a trial before the court, sitting without a jury, the court granted appellant's motion for summary judgment denying the title company a recovery upon the contract cause of action and overruled the motion as to the cause of action in quantum meruit. Judgment was rendered for the title company on the quantum meruit cause of action for the amount of $3,333.20 plus attorney's fees and cost, from

which judgment appellant has duly perfected this appeal.

Appellant's second point of error merits first consideration. Under this point appellant contends that the trial court erred in rendering judgment for appellee in quantum meruit because there is no evidence to support the trial court's implied finding that the appellant was benefited or unjustly enriched by the work performed by appellee. The title company has no cross-point challenging the partial summary judgment rendered against it denying it a recovery for damages for breach of contract. Consequently, the only question before us is whether there is any evidence to sustain the judgment on the theory of quantum meruit. We sustain appellant's contention that there is no evidence to support the judgment on the basis of quantum meruit, and accordingly reverse and render judgment that appellee take nothing.

A cause of action in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex.1976); *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965). The promise implied by law is derived from the equitable principle that a party would be unjustly enriched if he refused to pay for beneficial services which he knowingly received and which were performed with expectation of remuneration. *Kramer v. Wilson*, 226 S.W.2d 675 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n. r. e.); *Wyche v. Perrin*, 228 S.W.2d 330 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.). A prerequisite for an action in quantum meruit is the rendering of some beneficial service for the party to be charged. *Wyche v. Perrin*, supra.

The record in this case, considering only the evidence and reasonable inferences from the evidence which supports the trial court's judgment and disregarding all evidence and inferences to the contrary, shows that appellant received no beneficial services as a result of the work performed

by the title company and thus, appellant was not unjustly enriched. The record shows that on November 6, 1978, appellant contacted appellee by letter, requesting it to issue a mortgagee's information letter and ordering the title insurance policy. It was understood between the parties that there was to be no charge for the issuance of the mortgagee's information letter and thus, any beneficial services received by appellant would have to arise from appellee's preparation to issue the title policy. The work involved in issuing the policy consisted of an update of the title by appellee covering the last six months, since appellee had already examined the title up to May 1, 1978, the time when it had issued the interim construction bidder. Prior to the time that appellant canceled the order for the title insurance, appellee updated the title examination and apparently was ready to issue the policy. This work, however, was performed by appellee for its own benefit and not for the benefit of appellant. Appellee, by updating the title, was merely apprising itself of the condition of the title in order that it may decide whether to issue a policy. As pointed out in *Tamburine v. Center Savings Assoc.*, 583 S.W.2d 942 (Tex. Civ.App.—Tyler 1979, writ ref'd n. r. e.), "the insurance company . . . investigates the title for its own use and benefit to determine whether it will undertake the risk." The work performed by appellee benefited only the appellee and thus, appellant was not unjustly enriched by or otherwise benefited by the work which appellee did in its determination of whether it should issue the title policy.

Having failed to prove that appellant received beneficial services, appellee cannot recover in quantum meruit for the work it performed. Accordingly, the judgment of the trial court is reversed and judgment is rendered that appellee take nothing.

Reversed and rendered.