**Marilyn O'Neill MANN et al., Appellants,**

**v.**

**JACK ROACH BISSONNET, INC. d/b/a Jack Roach Ford, Appellee.**

**No. 18004.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 30, 1981.

Ragan & Russell, Linda Harvey and John L. Russell, Houston, for appellants.

Mark B. Collins, Thompson & Associates, Houston, for appellee.

COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment in favor of Jack Roach Bissonnet, Inc. (hereinafter called Jack Roach) and against Horace M. Mann and Marilyn O'Neill Mann. The suit was based on a sworn account and, in the alternative, on quantum meruit. The judgment will be affirmed as to Horace Mann and reversed as to Marilyn O'Neill Mann.

There is evidence that an automobile held in the name of Horace Mann was stolen and recovered in a damaged condition. The car was taken to Jack Roach, who repaired it. During this period of time Horace Mann and Marilyn Mann were separated pending a divorce suit. On authorization of the divorce court Mrs. Mann took possession of the repaired vehicle from Jack Roach. An insurance check was issued in payment of the repair bill, but payment was subsequently stopped on the check. Jack Roach has secured a judgment against both Horace Mann and Marilyn Mann jointly and severally.

Neither Horace Mann nor Marilyn Mann, who filed separate answers, filed a sworn denial in the form required by Tex.R.Civ.P. 185. Horace Mann filed an answer consisting of a general denial and the statement that he did not authorize the repair of the

automobile. He filed no answer to the motion for a summary judgment. Mrs. Mann filed an answer which included a plea of limitations. She also filed an answer to the motion for summary judgment preserving this plea. In addition she pled that she was not named in the itemized statement of account attached to the plaintiff's petition and that, therefore, she was not liable on the sworn account.

■ Neither defendant raised a point in the briefs challenging the plaintiff's compliance with the requirements of Rule 185, supra. Where a defendant fails to file a sworn denial substantially in the form required by Rule 185, a summary judgment is proper. *Wilson v. Browning Arms Co.*, 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd.). There can be no issue of fact as to whether all or part of the account is due and owing in the absence of a proper sworn denial. *Airborne Freight Corporation v. CRB Marketing, Inc.*, 566 S.W.2d 573 (Tex.1978).

■ Both defendants assert that the statement of account attached to the petition raises an issue of fact on its face as to their liability, under the reasoning adopted by the Supreme Court of Texas in *Sundance Oil Company v. Aztec Pipe and Supply Company, Inc.*, 576 S.W.2d 780 (Tex.1978). Mr. Mann relies on the fact that on the work order under the heading "Labor Instructions," appear the words "Firemans Linda" and a telephone number. He says that his general denial raises an issue as to whether he was a "party to the transaction" by reason of this notation, in which event the sworn account is not *prima facie* proof of the debt. This position is not supported by the Sundance Oil case in that the quoted words do not raise a fact issue as to what party purchased the goods and services. The court properly granted the plaintiff a summary judgment on the pleadings against Horace Mann.

■ Mrs. Mann is not named in the itemized account on which the plaintiff relies. The first amended petition does not allege that she was married to Horace Mann at the time the services were rendered. While the petition states that the services and materials were furnished and performed "for the defendants," the itemized account does not support this allegation. The plaintiff has not shown that Mrs. Mann was a "party to the transaction" in this action on the sworn account. Her failure to file a sworn denial under Rule 185 is not fatal to her defense. *Sundance Oil Company v. Aztec Pipe and Supply Company, Inc.*, supr . The plaintiff was not entitled to recover against Mrs. Mann individually on the sworn account.

■ The right to recover on quantum meruit is independent of contract. It is a claim based on the promises implied by law to pay for beneficial services rendered and knowingly accepted. *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965). The principal of recovery on quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for the work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor. *Kendall Co. v. Plastic Engineering & Sales Corp.*, 350 S.W.2d 661, 663 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). This suit to recover on quantum meruit for labor and materials furnished is a species of a suit for debt. In effect the plaintiff asserts that even through Mrs. Mann is not liable on the contract, she knew the repairs were being made and accepted the benefits of the work performed and the materials furnished.

■ The two year statute of limitations, Article 5526, Tex.Rev.Civ.Stat.Ann. (Vernon 1958), was applicable to actions for debt not evidenced by writing prior to amendments to this statute and to Article 5527, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1980). These amendments became effective on August 27, 1979. Plaintiff has alleged that "[o]n or about August 8, 1977, . . . Plaintiff sold, delivered, furnished, installed, performed and completed repairs and/or services on the vehicle. . . ." This suit was filed February 11, 1980. The cause of action was barred by Article 5526, supra, prior

to the date on which the amendment to Articles 5526 and 5527 became effective. It is established that while as to all causes of action not actually barred the legislature may extend the period of limitations, yet, if rights have once become vested and perfect, the legislature is without power to remedy or lengthen the limitation period. *Cathey v. Weaver*, 111 Tex. 515, 242 S.W. 447, 453 (1922); *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975).

The trial court erred in rendering a summary judgment against Mrs. Mann thereby denying her plea raising the Statute of Limitations as a defense.

Mrs. Mann filed a supplemental brief on April 30, 1981 without first securing leave of the court. This brief contained several points of error not covered in her original brief. The case was set for oral argument on June 25, 1981. This brief is ordered stricken and the points of error presented therein have not been noticed.

The cause of action against Mrs. Marilyn Mann is severed, the judgment reversed, and this cause of action is remanded. The judgment against Horace Mann is affirmed.