Kenneth D. CARR, Trustee, Appellant,

v.

AUSTIN FORTY, et al., Appellees.

No. 3–86–129–CV.

Court of Appeals of Texas, Austin.

Dec. 23, 1987.

Rehearing Denied Feb. 17, 1988.

William C. Davidson, Austin, for appellant.

Craig L. Austin, San Antonio, for appellees.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

Kenneth D. Carr, appellant, sued Austin Forty, a California limited partnership, and Anthony J. Ujdur, trustee, for return of an earnest-money letter of credit and recovery on a quantum meruit claim for labor and services. Appellees counter-claimed alleging breach of contract, violation of fiduciary duty, and violation of § 17.46(b)(2), (3), (5) and (23) of the Deceptive Trade Practices Act. Tex.Bus. & Com.Code Ann. § 17.46(b) (Vernon 1987). The trial court rendered a Nunc Pro Tunc judgment ordering that the parties take nothing. Carr appeals from the take-nothing judgment. We will reform the judgment in part and, as reformed, affirm.

On March 21, 1985, Kenneth D. Carr contracted to buy from Austin Forty 40.353 acres of land near Pflugerville for a purchase price of $5,500,000. Pursuant to the terms of their contract, Carr gave a $50,-000 letter of credit to an escrow agent, Southwest Title Company, as earnest money for the transaction.

Consummation of the contract was conditioned upon the following: (1) Austin Forty was obligated to obtain approval for 200 additional water taps from the City of Pflugerville; and (2) the Windemere Sewage Treatment Plant expansion was to be completed and providing the land with service before closing. The contract provided that should Austin Forty fail to comply with any of the requirements set out in the contract for any reason, except Carr's default, Carr should have the election to terminate the agreement, whereupon his earnest money would be returned to him and neither party would have any further rights and obligations. The contract provided that time was of the essence.

The original "closing" date in the contract was July 15, 1985. However, based on a representation made in June 1985 by Ujdur, that the water taps had been approved by the City of Pflugerville or would be approved by August 31, 1985, Carr and Austin Forty agreed to change the "closing" date to September 30, 1985. On September 13, 1985, Carr was advised by the City of Pflugerville that it had not approved the two hundred (200) additional water taps. At this time the Windemere Sewage Treatment Plant expansion was not completed. On September 24, 1985, by a letter personally delivered to defendants, Carr notified Austin Forty that he elected to terminate the contract because the water taps would not be delivered by September 30, 1985. In the termination letter Carr requested return of the $50,000 earnest-money letter of credit. Austin Forty, through Ujdur, refused to return the letter and instead attempted to draw down on the letter of credit themselves. Carr thereupon filed suit. The trial court rendered judgment on the verdict in plaintiff's favor on his suit for cancellation of the letter of credit pursuant to the terms of paragraph 6(ii) of the contract.[1] However, in rendering judgment on the verdict on that part of plaintiff's suit, the trial court disregarded a jury finding on Special Issue No. 13, in which the jury specified the amount it believed to be reasonable attorney's fees for Carr's attorney. The trial court did not award attorney's fees to appellant on this or any other part of the judgment.

Appellant's first point of error asserts the trial court erred in denying his request

---

1. The relevant portion of paragraph 6 reads: "Should Seller fail to comply with any of the requirements contained herein for any reason except for Buyer's default, Buyer may as its sole remedies ... (ii) terminate this Agreement, whereupon all Earnest Money shall be returned to Buyer and neither party shall have any further rights or obligations hereunder."

for attorney's fees because he met all statutory and common-law requirements for recovery.

Appellees, in their Motion to Disregard the jury's finding on Special Issue No. 13, urged two bases for the motion:

A. There is no recovery upon which attorney's fees could be predicated.

B. No presentation of claim for services was made by plaintiff.

Both bases in appellees' Motion to Disregard the jury's finding in Special Issue No. 13 relate to satisfying the statutory requirements for recovery of attorney's fees. We will examine each in order.

Appellees assert there is no *recovery* upon which attorney's fees *could be* predicated (emphasis added). Appellees argue that the claim for return or cancellation of the letter of credit was moot because the letter had lapsed by its own terms, appellees had received no money, and, since the quantum meruit claim was denied by the trial court, there is no recovery upon which attorney's fees can be predicated. We must resolve the preliminary issue raised by the appellees' assertion that Carr's suit for recovery or cancellation of the letter of credit is moot before we may address whether a recovery upon which attorney's fees can be predicated exists.

■ The expiration of the letter of credit by the time of trial does not render moot the claim for its recovery or cancellation. A cause becomes moot when judgment is sought on some matter which, when rendered, for any reason, cannot have any practical effect on the then existing controversy. *McNeill v. Hubert*, 23 S.W.2d 331 (Tex.1930). The trial court's judgment releasing the letter of credit to appellant relieves Carr of any claim by appellee that Carr is obligated to pay the amount represented by the letter held in the escrow account. Had the court ruled otherwise appellant would have been liable for the $50,000, even though the letter expired by the date of trial. This is so because appellant's request for release of, and appellees' attempt to draw down on, the letter of credit were both made before the expiration date of the letter. Whether the appel-

lees actually received money from appellant is irrelevant. The competing claims for the letter of credit establish an existing controversy. The court's judgment releasing the letter of credit to appellant has the practical effect of resolving the controversy over the conflicting legal claims of the parties to the letter of credit and, therefore, the cause is not moot.

We turn to the question of whether the trial court's release of the letter of credit to appellant is a recovery upon which attorney's fees can be predicated.

### STATUTORY REQUIREMENTS FOR RECOVERY OF ATTORNEY'S FEES

■ 1) *Statutory Basis For Recovery.* Section 38.001 of the Civil Practices and Remedies Code (former art. 2226) sets out the kinds of claims upon which recovery may be predicated. Section 38.001 provides, *inter alia,* that: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services; (2) performed labor; ... (8) *an oral or written contract*" (emphasis added). The Final Judgment Nunc Pro Tunc makes clear that appellant received a favorable judgment on Count I—his earnest-money contract claim. The statute expressly provides for recovery of attorney's fees in suits founded on an oral or written contract. We also note that in Count II, appellant asserted a quantum meruit claim, by definition, a claim based on an implied contract. Black's Law Dictionary 1119 (5th ed. 1979). While appellant did not prevail on this count, the case law makes clear that recovery for attorney's fees based on a valid quantum meruit claim is also encompassed within § 38.001(8). *Angroson, Inc. v. Independent Communications*, 711 S.W.2d 268, 274 (Tex.App.1986, writ ref'd n.r.e.); *Ferrous Products Co. v. Gulf Trading Co.*, 160 Tex. 399, 332 S.W.2d 310, 312 (1960). Therefore, either claim is a proper basis upon which to predicate a claim for attorney's fees.

2) *Requirements For Recovery of Attorney's Fees.* We must next determine whether appellant satisfied all the statutory and common law requirements for recovery of attorney's fees, including proper presentment of his claim, as required by § 38.002 of the Tex.Civ.Prac. & Rem.Code Ann. (former art. 2226). The relevant provisions of section 38.002 read: "To recover attorney's fees under this chapter: ... (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." *Id.*

■ A) *Presentment.* The purpose of the presentment requirement is to allow the person against whom a claim is asserted an opportunity to pay within 30 days of receiving notice of the claim, without incurring an obligation for attorney's fees. *Western Casualty & Surety Co. v. Preis,* 695 S.W.2d 579, 589 (Tex.App.1985, no writ). In order to recover attorney's fees in a suit "founded" on a written contract under this article, a plaintiff must plead and prove that presentment of a contract claim was made to the opposing party and he failed to tender performance. *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1985); *Jones v. Kelley,* 602 S.W.2d 573, 577 (Tex. Civ.App.1980), *reformed on other grounds and aff'd,* 614 S.W.2d 95 (Tex.1981). The contract, itself, need not provide for attorney's fees. *First City Bank—Farmer's Branch, Texas v. Guex,* 677 S.W.2d 25, 30 (Tex.1984).

No particular form of presentment of a claim is required. *King Optical v. Automatic Data Processing of Dallas, Inc.,* 542 S.W.2d 213, 217 (Tex.Civ.App.1976, writ ref'd n.r.e.). However, neither the filing of a suit, nor the allegation of a demand in the pleadings can, alone, constitute a presentment of a claim or a demand that the claim be paid, within the meaning of art. 2226. *Western Casualty & Surety v. Preis,* 695 S.W.2d at 589.

■ Appellant relies on the termination letter, delivered to Mr. Ujdur on September 24, 1985, to satisfy the presentment requirements of § 38.002. The relevant provisions of that letter read:

> Within the last week, I have discovered that the City of Pflugerville does not have clear title to the water well site because of Mr. Pfluger's refusal to sign a Partial Release of Vendor's Lien. Clear title is essential before the City of Pflugerville can either determine to develop the water well site or issue the 200 water taps contemplated by the contract. I consider this to be a condition of my obligation to perform under the contract which I have not waived. Since this condition has not been met, *I am terminating the contract and ask that you release the $50,000 letter of credit to me.*

(emphasis added).

Appellant's request for release of the $50,000 letter of credit, while polite, is adequate to inform appellees of a claim to the earnest-money letter of credit. The hand delivery to Ujdur on September 24, 1985 by Robinson and Carr is satisfactory presentment of the claim. The elements of notice, time and proof of amount are all present. *Ferrous Products Co., Inc. v. Gulf States Trading Co., Inc.,* 332 S.W.2d at 312. We hold appellant's termination letter satisfies the presentment requirement for attorney's fees.

■ B) *Just Amount Owing and Failure to Tender Payment of the Claim Within 30 Days of Presentment.* We turn next to whether the claim was for a just amount owing. First, we note that it is not necessary that a final judgment be obtained in order to recover attorney's fees. *Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co., Inc.,* 697 S.W.2d 712, 714 (Tex.App.1985, no writ). However, a favorable trial court judgment on the art. 2226 claim is needed to establish that the claim is for a "just amount owing." *See McKinley v. Drozd,* 685 S.W.2d 7, 10–11 (Tex. 1985). In those suits where a judgment is rendered, an attorney's fee is recoverable where the claimant recovers judgment for any amount of the claim. *El Paso Moulding & Manufacturing Co., Inc. v. Southwest Forest Industries,* 492 S.W.2d 331,

334 (Tex.Civ.App.1973, writ ref'd n.r.e.). We hold that the trial court's rendition of a Final Judgment Nunc Pro Tunc granting appellant's Motion for Judgment on the Verdict is a recovery upon which attorney's fees could be predicated.

Finally, we note that the evidence is uncontroverted that payment of the just amount owing was not tendered before expiration of the 30th Day after the claim was presented.

## NO EVIDENCE REVIEW

■ Having determined that appellant has satisfied all statutory requirements for recovery of attorney's fees, we must now determine whether the trial court's decision to disregard Special Issue No. 13 was correct. To uphold a trial court's decision to disregard a jury finding, this Court must determine there is no evidence in the record to support that finding. In deciding a "no evidence" point, which is a question of law, we consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and we must reject all evidence or inferences to the contrary. *Schaefer v. Texas Employer's Insurance Association,* 612 S.W.2d 199, 201 (Tex.1981).

■ The record shows that Mr. Davidson, counsel for appellant, testified concerning his attorney's fees in this case. That testimony included, among other things, the number of hours expended on the case, the hourly rate charged, and the reasonableness of the requested fees. In light of our holding that a basis for recovery under § 38.001 exists and that the requirements of § 38.002 were satisfied, the testimony as to attorney's fees submitted by Davidson was properly before the jury. The jury's favorable answer to Special Issue No. 13 is, therefore, supported by evidence sufficient to uphold that finding.

■ The special issue on attorney's fees requested the jury to find Carr's attorney's fees for the entire case, rather than separately allocating the fees to each claim for which attorney fees might be recovered. Appellees did not object to this broad attor-

ney's-fee issue, therefore any complaint that the attorney's-fee award is not associated with Carr's successful claim is waived. *Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649, 650 (Tex.1985).

■ The award of attorney's fees is mandatory where an attorney successfully prosecutes a claim founded upon an oral or written contract. *Gerdes v. Mustang Exploration Co.,* 666 S.W.2d 640, 645 (Tex. App.1984, no writ). Accordingly, we will reform that part of the trial court's judgment that disregarded Special Issue No. 13 and denied appellant his attorney's fees. Based on the evidence and the jury's answer to Special Issue No. 13, we will award appellant attorney's fees in the amount of fifteen thousand two hundred dollars ($15,-200), with a remittitur ordered, in the amount of $3000, if no appeal is taken to the Supreme Court.

Since the above recovery for attorney's fees is not predicated on the quantum meruit claim for services made by appellants in the trial court, we need not address the appellees' allegation that no presentation of a claim for services was made. Appellant's first point of error is sustained.

Appellant asserts in his second point that the trial court erred in entering its judgment n.o.v. on appellant's quantum meruit claim, which represented what appellant claimed as "enhancement" of the value of the 40.353 acre tract resulting from his labor and services of negotiating a roadway and providing two tract plans.

■ The right to recover in quantum meruit is independent of an express contract. *Mann v. Jack Roach Bissonnet, Inc.,* 623 S.W.2d 716, 718 (Tex.Civ.App. 1981, no writ). It is a claim based on the promises implied by law to pay for beneficial services rendered and knowingly accepted. *Id.*

■ The essential elements for recovery on a quantum meruit claim are: (1) *valuable services were rendered* or materials furnished, (2) *for* [the benefit of] *the person sought to be charged,* (3) which services and materials were accepted by the person sought to be charged, used and

enjoyed by him, (4) under such circumstances that reasonably notified the person sought to be charged that the plaintiff was expecting to be paid for the services by the person sought to be charged. *Montes v. Naismith & Trevino Construction Co.,* 459 S.W.2d 691, 694 (Tex.Civ.App.1970, writ ref'd n.r.e.) (emphasis added).

The jury failed to find enhanced value to appellees' tract of land as a result of the labor and services provided by appellant. There is ample evidence in the record upon which the jury could have relied in reaching this finding. Before the labor and services were provided by appellant, the purchase price of the property was $5,500,000. Mr. Ujdur testified that the tract went back onto the market for the exact same price after the transaction fell through. Mr. Ujdur also testified he did not utilize the platting provided by appellants, but changed it. Additionally, the record indicates the platting done was not recorded and, therefore, was no more than a hypothetical or proposed plan for the tract.

■ To prevail on a quantum meruit claim, the plaintiff must establish that the services were valuable from the perspective of the defendant. *C & W Manhattan Associates v. Attorney's Title Company of Henderson County, Texas,* 614 S.W.2d 883, 884 (Tex.App.1981, writ ref'd n.r.e.). If the services rendered do not confer any benefit on the defendant, there can be no recovery for the reasonable value of the benefit conferred because the services are not deemed valuable. *Id.* at 884–85. There is no evidence in the record to indicate any benefit appellant conferred on the appellees that was of value to them. Indeed, appellant's own pleadings acknowledge that the labor and services made the basis of this quantum meruit claim were initiated by appellant for his own benefit.

Although the jury answered Special Issues 3, 4, and 6 favorably to appellant, they are immaterial to appellant's quantum meruit claim since appellant failed to prove any benefit to the appellees. Only when the issue is material must the judgment conform to the findings. *Acoustical Screens in Color, Inc. v. T.C. Lordon Co.,* *Inc.,* 524 S.W.2d 346, 349 (Tex.Civ.App. 1975, writ ref'd n.r.e.)

A judgment notwithstanding the verdict is authorized only when a directed verdict would have been proper. Appellant's failure to prove all essential elements of his claim would have made a directed verdict appropriate in this case. Additionally, special issue findings that are immaterial or have no support in the evidence may be disregarded. *Eubanks v. Winn,* 420 S.W.2d 698, 701 (Tex.1967). We hold the trial court properly decided to disregard Special Issues 3, 4, & 6 and render judgment notwithstanding the verdict. We overrule appellant's second and third points of error.

■ In his last point of error, appellant asserts the trial court erred in failing to grant appellant's motion that the trial court rule, as a matter of law, that certain allegations are uncontroverted by the pleadings and should be considered established facts. Appellant argues the appellees failed to include a general denial in either their Amended Answer and Counterclaim or their Supplemental Answer and failed to specifically deny several material facts that form the basis of Plaintiff's cause of action. Appellant then lists those material facts, which merely restate the four essential elements of the *Montes* test, *supra,* that must be met to prevail on a quantum meruit claim.

"In pleading a general denial, no emphasis is placed on the precise words, ... where the form fairly reveals the intent to wholly deny the plaintiff's allegations." 2 R. McDonald, Tex.Civil Practice § 7.23.1 (rev.1982). A reading of Defendant's Supplemental Answer makes clear his intent to wholly deny plaintiff's claims for recovery on the quantum meruit claim. Defendant's second paragraph in his Supplemental Answer challenges the basis of the quantum meruit claim in its totality, asserting that appellant's broker, Austin Vanguard, acting through its agent Robinson, cannot recover on an alleged agreement not in writing. Paragraph III asserts that the existence of an express contract precludes the enforcement of an implied contract. Para-

graph IV alleges that any recovery based on an extraneous verbal agreement violatives the terms of the Earnest Money Contract agreement. Paragraph V asserts that if defendant is liable to Carr for payment of the alleged services, that it is not liable for the enhanced value of the real estate. It is clear from a reading of Defendant's Supplemental Answer that his intent is to wholly deny plaintiff's quantum meruit claim. This denial strikes directly at the plaintiff's claim, imposing upon him the burden of proving the elements that they put in issue and opening the way for the defendant to offer evidence negating such elements. 2 R. McDonald, Tex.Civil Practice § 7.34.1 (rev.1982). We overrule appellant's final point of error.

The judgment of the trial court is reformed in part and as reformed, is hereby affirmed.