In re **PROGRESS DRILLING & MARINE, INC., Dolphin Titan International, Inc., Dolphin Titan International, S.A., Dolphin Titan Supply, Debtors.**

**PROGRESS DRILLING & MARINE, INC., et al., Debtors,**

v.

**AMERICAN OILFIELD EXCHANGE, INC., Claimant.**

**Bankruptcy Nos. 85–07495–H3–11, 85–08464–H3–11, 85–08465–H3–11, 86–05090–H2–11 and 85–07494–H3–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 2, 1990.

Lenard M. Parkins, Sheinfeld, Maley & Kay, Houston, Tex., for debtors.

John W. Wauson, Oldenettel & Wauson, Houston, Tex., for claimant.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Objection to Claim No. 1 of American Oilfield Ex-change, Inc. ("American") filed by the Debtor. American contends it is due a commission on the sale of an oil rig by Debtors to Petra Drilling Corporation on oral contract and quantum meruit theories. After considering the pleadings and memoranda filed by counsel and the evidence adduced at trial, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in connection herewith. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### Findings of Fact

1. Debtor, Progress Drilling & Marine, Inc., ("PDMI") filed a voluntary petition under Chapter 11 on November 15, 1985.

2. On December 23, 1985 American filed a proof of claim in the amount of $90,000.00.

3. The claim is for a $70,000.00 commission allegedly due as a result of the sale of an oil rig by Debtor to Petra Drilling Corporation ("Petra"), plus $20,000.00 in attorney's fees.

4. Evidence was taken at hearings on February 23, and March 5, 1990.

5. Unsolicited by the Debtor, Roy Oliver, at that time the agent of American, flew with Wes McKinney, the President of Petra, to Houston, Texas and Morgan City, Louisiana to present the rig and equipment.

6. An unexecuted copy of a purported sales agreement between PDMI and Petra was admitted into evidence as part of Exhibit 1.

7. The agreement in Section (2)(d) calls for any commission owed to be paid by the buyer, Petra.

8. PDMI sold the rig to Petra for $1,400,000.00.

9. The only evidence supporting the allegation of an oral contract is a portion of the taped transcript of a telephone conversation admitted in evidence as Exhibit E. The conversation is between L.H. Robert-

son, at that time President of PDMI, and Roy Oliver. The relevant portion reads: Oliver: "... and I feel like I'm due a commission on that." Robertson: "I feel that very possibly that you do." (sic).

10. The telephone conversation between Robertson and Oliver contemplates that services were rendered for Petra and not PDMI.

11. American is not entitled to relief based on an action in quantum meruit.

### Conclusions of Law

1. A contract for the sale of personal property whose value exceeds $500.00 is governed by the Tex.Bus. & Comm.Code § 2.201.

■ 2. Terms with respect to which the confirmatory memoranda of the parties agree may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. (Tex.Bus. & Comm. Code § 2.202.)

■ 3. The ultimate burden of proof in establishing a correctly filed proof of claim is on the claimant, i.e., American. *In re Fidelity Holding,* 837 F.2d 696 (5th Cir. 1988).

■ 4. An oral contract must be proven by clear and convincing evidence. The contract must define its essential terms with sufficient precision to allow the court to determine the obligations of the parties. *Weitzman v. Steinberg,* 638 S.W.2d 171 (Tex.App.—Dallas 1982, no writ).

■ 5. If negotiations are too indefinite to constitute a contract, denial of the claim is warranted. *Mergenthaler v. Dailey,* 136 F.2d 182 (2nd Cir.1943).

6. American has not met the burden of proof on this claimed oral contract.

■ 7. The elements of a cause of action in quantum meruit are:
a) Valuable services rendered.
b) For the benefit of the person sought to be charged.
c) Which were accepted by the person sought to be charged.

d) Under such circumstances as to reasonably notify the person sought to be charged that the claimant was expecting to be paid by the person sought to be charged.

*Carr v. Austin Forty,* 744 S.W.2d 267 (Tex.App.—Austin 1987).

■ 8. The evidence indicates that the services were rendered for Petra, not PDMI, and that Petra was to pay the commission due to American, if any.

9. American has not met the burden of proving an action in quantum meruit.

Based upon the foregoing Findings of Fact and Conclusions of Law, the court sustains Debtors' Objection to Claim No. 1 of American Oil Field Exchange, and disallows the claim.