NUMBER
13-02-129-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

VALERIO
LLANES D/B/A



LLANES
HOUSE MOVING,                                                      Appellant

 

                                                   V.

 

CONNIE
DAVILA,                                                                   Appellee.

 

 

On
appeal from the 329th District Court of Hidalgo County

                                                                                                                     


 

O
P I N I O N

 

Before
Chief Justice Valdez and Justices Rodriguez and Amidei[1]

Opinion by Chief Justice Valdez








Appellant,
Valerio Llanes d/b/a Llanes House Moving, plaintiff below, appeals a $15,000
verdict rendered for Connie Davila, defendant home-owner, in a bench trial in a
breach of contract case.  We affirm the
judgment of the trial court.

                                    Factual
and Procedural Background

Appellant filed
suit against appellee Connie Davila to recover damages for breach of a contract
to move her home.  According to
appellant, Davila agreed to pay $6,850 to have her home moved.[2]  Davila made a $3,000
down payment, but refused to pay the remainder on the completion of the
move.  

Davila and
husband, Luis Davila, brought a counterclaim against appellant for damages to
the house sustained in the move. 
According to Davila, appellant damaged the roof, plumbing, foundation,
and siding.  Further, Davila had to hire
additional contractors to complete the move.

Following a
bench trial, the court entered a take-nothing judgment for appellant and a
judgment in favor of appellees for $7,200 in damages, $7,500 in attorney=s fees, $1,200 for expenses, plus prejudgment and postjudgment
interest and costs.  The trial court
entered findings of fact and conclusions of law in support of its
judgment.  








On appeal,
Llanes raises twenty points of error: eight issues complain about testimony from
expert James Drake on grounds that he was not identified as a testifying expert
and he was not qualified to serve as a testifying expert; five issues complain
about the legal and factual sufficiency of the evidence to support an award of
damages given that Drake should not have been allowed to testify regarding
damages; and seven issues complain about the award of attorney=s fees on grounds that the award was not supported by the
pleadings, the sufficiency of the evidence, and satisfaction of conditions
precedent.

                                          Testimony
of James Drake 








Appellant=s first thirteen issues concern the trial court=s admission of expert testimony regarding appellees= damages.[3]  Appellant specifically
contends that the trial court erred in permitting James Drake to testify as an
expert on appellees= damages because: (1) there is no evidence that Drake had been
properly identified as an expert on appellees= damages; (2) the undisputed evidence was that Drake had not
been properly identified as an expert on appellees= damages; (3) Drake had not been qualified as an expert witness
on damages pursuant to Texas Rule of Civil Procedure 193.6 (failing to timely
respond to written discovery); (4) there is no evidence that appellees complied
with Texas Rule of Civil Procedure 194.2(f) (requests for disclosure pertaining
to testifying expert); (5) there was insufficient evidence to support appellees= compliance with rules 193.6 and 194.2(f); and (6) the trial
court erred in refusing to grant appellant=s motion to exclude Drake=s testimony.  Similarly,
appellant contends that the trial court erred in granting judgment in favor of
appellees because (1) there is no evidence to support an award of damages to
defendants, and (2) the award of damages is against the greater weight and
preponderance of the admissible evidence. 
Fundamentally, appellant complains that appellees= designation of Drake failed to provide sufficient notification
to appellant of Drake=s intent and ability and expertise to testify regarding repairs
to appellees= house.  

The Atrial court has broad discretion to determine admissibility@ of expert testimony and that the appellate court should Areverse only if there is an abuse of that discretion.@  Helena Chem. Co. v.
Wilkins, 47 S.W.3d 486, 499 (Tex. 2001); see also Keeton v. Carrasco,
53 S.W.3d 13, 25 (Tex. App.BSan Antonio 2001, pet. denied). An abuse of discretion occurs
only when a trial court=s decision is Aarbitrary, unreasonable, and without reference to guiding rules
and principles.@  Goode v. Shoukfeh,
943 S.W.2d 441, 446 (Tex. 1997).  

A survey of the
record in the instant case shows that appellant propounded requests for
disclosure on appellees.  In response to
a request for disclosure, a party is required to provide a retained testifying
expert=s name, address
and telephone number; the subject matter on which the expert will testify; the
general substance of the expert=s mental impressions and opinions and a brief summary of the
basis for them.  See Tex. R. Civ. P. 192.4(f)(1-3).  Further, a party is required to provide all
documents, tangible things, reports, models, or data compilations that have
been provided to, reviewed by, or prepared by or for the expert in anticipation
of the expert=s testimony, as well as the expert=s current resume and bibliography.  See Tex.
R. Civ. P. 194.2(f)(4). 








Appellees
initially responded to the requests for disclosure on August 21, 2001, then
filed a supplemental response on August 30, 2001.  In the supplemental responses, appellees
expressly identified Drake as a testifying expert with the following
description:

House moving expert. 
Will testify regarding proper methods and industry standards pertaining
to movement of houses and other structures. 
Will further provide analysis and opinions relative to the work
performed by Llanes House Moving in the project forming the basis of this
action.  Subject matter will include but
will not be limited to assessment, planning, loading, stabilizing, shifting,
and repairing houses in connection with house moving projects. 

 

Appellees produced Drake=s field notes and photographs to appellant during the course of
discovery.  According to the trial court=s findings of fact, appellant did not depose Drake, nor did he
request a report containing Drake=s opinions.  Appellees= responses to the requests for disclosure also specified
several categories of damage for which they sought recovery, including repairs
to the house in the amount of $15,450 and repairs to the roof of $4,200.  Trial in the instant matter did not begin
until February 4, 2002, more than six months after Drake was identified as a
testifying expert and more than ten months after the appellees filed their
original counterclaim seeking damages.

The trial court
made several findings of fact and conclusions of law pertaining to the
appellees= designation of
Drake, his qualifications, and his testimony at trial.  The trial court=s findings and conclusions support the admission of Drake=s testimony.

Under rule
193.6(a) of the rules of civil procedure, 








A party who fails to make, amend, or supplement a discovery
response in a timely manner may not introduce in evidence the material or
information that was not timely disclosed, or offer the testimony of a witness
(other than a named party) who was not timely identified, unless the court
finds that:

 

A.               
there was good
cause for the failure to timely make, amend, or supplement the discovery
response; or

 

B.                
the failure to
timely make, amend, or supplement the discovery response will not unfairly
surprise or prejudice the other parties.

 

Tex. R. Civ. P. 193.6(a); see Vingcard A.S. v.
Merrimac Hospitality Sys., Inc., 59 S.W.2d 847, 856-59 (Tex. App.BFort Worth 2001, pet.
denied) (holding that the trial court did not abuse its discretion in excluding
an expert from testifying where there was an inadequate disclosure regarding
the expert designation and no showing of good cause, lack of surprise, or lack
of prejudice); Best Ind. Unif. Supply Co. v. Gulf Coast Alloy Welding, Inc.,
41 S.W.3d 145, 146-49 (Tex. App.BAmarillo 2000, pet.
denied) (holding that the trial court abused its discretion in excluding an
expert from testifying where there was good cause shown and no evidence or
argument as to lack of surprise or prejudice).








Appellees= responses to the requests for disclosure fail to include
some of the information required by rule 192.4 of the rules of civil
procedure.  Specifically, the responses
lack information regarding the general substance of the expert=s mental impressions
and opinions and a brief summary of the basis for them.  See Tex.
R. Civ. P. 192.4(f)(1-3). 
However, based on the record, the trial court did not abuse its
discretion in allowing Drake to testify. 
The record is devoid of any evidence indicating that appellant was
unfairly surprised or prejudiced by appellees= responses to the
requests for disclosure.  Appellees filed
a counterclaim against appellant specifically seeking damages for the
repairs.  Appellees= responses to
requests for disclosure expressly identified Drake and specified that he would
be testifying regarding repair of the house, and further itemized repair
expenses in the amounts of $15,450 and $4,200. 
At trial, Drake testified to repair expenses in an amount ranging from
$7,100 to $7,300, which was less than the amount specified in appellees= discovery responses,
and the jury awarded appellees $7,200. Given these facts and the trial court=s findings, the trial
court did not abuse its discretion in allowing Drake to testify. 

Although appellant frames several of his issues as
attacks on Drake=s Aqualifications,@ his argument and
authorities concern the timeliness and adequacy of Drake=s designation as an
expert witness rather than Drake=s qualifications to
provide expert testimony.  We have
already addressed this issue, and need not discuss it further.  However, even if we were to reach this issue,
we would conclude that Drake was qualified to offer expert testimony in the
proceeding below.  See Tex. R. Evid. 702; Helena Chem. Co.
v. Wilkins, 47 S.W.3d 486, 499 (Tex. 2001) (AIf scientific,
technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education may testify
thereto in the form of opinion or otherwise.@).








When an expert=s qualifications have been challenged, Adeciding if an expert
is qualified@ requires the trial
court to Aensure that those who
purport to be experts truly have expertise concerning the actual subject about
which they are offering an opinion.@  Id. (quoting
Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 719 (Tex.1998); Broders
v. Heise, 924 S.W.2d 148, 152 (Tex.1996)); see also Hall v. Huff,
957 S.W.2d 90, 99-101 (Tex. App.BTexarkana 1997, writ denied).

According to the trial testimony, Drake has been a
professional home mover for more than forty years, and is the current president
of the Houston House Movers Association, a founding director and past president
of the International House Movers Association, and a founding director and past
president of the Texas House Movers Association.  As part of his family business, he buys,
remodels, and sells buildings to be moved. 
Drake testified that he performs extensive repairs on homes and that
part of his work includes the assessment of and evaluation of houses for
purposes of repair.  Drake testified,
without objection, that part of his work involves estimating the repair costs
for those houses.  We conclude that Drake
was qualified to provide expert testimony in this matter.  See Gammill, 972 S.W.2d at 719.  We overrule appellant=s first thirteen
issues.

                                                   Attorney=s Fees








Appellant raises seven issues attacking the trial
court=s award of attorney=s fees to
appellees.  In issues fourteen through
twenty, appellant specifically contends that: (1) the trial court erred in
finding that the service of a counterclaim upon plaintiff was sufficient notice
and/or demand for recovery of reasonable and necessary attorney fees pursuant
to section 38.002; (2) the trial court erred in finding that appellees were
entitled to recover reasonable and necessary attorney=s fees; (3) the trial
court erred in awarding appellees $7,500; (4) the trial court erred in granting
judgment for attorney=s fees because there
is no evidence that all conditions precedent to the recovery of attorney=s fees had been
properly performed by appellees; (5) the award of attorney=s fees is error
because the award is against the greater weight and preponderance of the
admissible evidence; (6) there is no evidence that appellees have either
alleged or offered proof they complied with section 38.001; and (7) the award
of attorney=s fees is error
because there are no pleadings that appellees performed conditions precedent to
recovery of attorney=s fees, including a
thirty day written demand. 

The trial court
awarded appellees $7,500 in attorney=s fees for services rendered through trial.  Appellant argues that appellees are not
entitled to attorney=s fees because appellees failed to plead presentment or
actually present their claim for attorney=s fees.  Appellant
further argues that appellees should not recover attorney=s fees because they are not the prevailing party.








Attorney=s fees are recoverable for breach of contract under section
38.001(8) of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. '38.001(8) (Vernon 1997). 
The party seeking to recover attorneys=s fees carries the burden of proof to show entitlement to the
fees.  Stewart Title Guar. Co. v.
Sterling, 822 S.W.2d 1, 10 (Tex. 1991); Lesikar v. Rappeport, 33
S.W.3d 282, 317 (Tex. App.BTexarkana 2000, pet. denied). 
Where allowed by statute, the allowance of attorney=s fees is within the discretion of the trial court and will
only be reversed for an abuse of that discretion.  Ragsdale v. Progressive Voters League,
801 S.W.2d 880, 881 (Tex. 1990). 
Reversal for abuse of discretion is justified only when the trial court=s decision was arbitrary and unreasonable.  Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991). 

To recover
attorney=s fees,
appellees were required to plead for them. 
Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex. 1983) (considering
attorney=s fees under
predecessor statute to chapter 38 of the Texas Civil Practice and Remedies
Code); R. Conrad Moore & Assocs. v. Lerma, 946 S.W.2d 90, 96 (Tex.
App.BEl Paso 1997, writ denied). 
Here, appellees expressly requested attorney=s fees in their first amended answer and original counterclaim
and also referenced their claim for attorney=s fees in their responses to requests for disclosure.








          To recover attorney=s fees, the claimant must present the claim to the opposing
party.  Tex.
Civ. Prac. & Rem. Code Ann. ' 38.002(2) (Vernon 1997). 
The purpose of the presentment requirement is to allow the person
against whom a claim is asserted an opportunity to pay within thirty days of
receiving notice of the claim, without incurring an obligation for attorney=s fees.  Harrison v.
Gemdrill Int=l, Inc., 981 S.W.2d
714, 719 (Tex. App.BHouston [1st Dist.] 1998, pet. denied); Carr v. Austin Forty,
744 S.W.2d 267, 271 (Tex. App.BAustin 1987, writ denied). 
The party must plead and prove that he or she presented a contract claim
to the opposing party, and the opposing party failed to tender
performance.  See Carr, 744 S.W.2d
at 271.  No particular form of
presentment of a claim is required.  Grace
v. Duke, 54 S.W.3d 338, 344 (Tex. App.BAustin 2001, pet. denied); Carr, 744 S.W.2d at 271.  The word Apresent@ has been defined to mean simply a demand or request for
payment.  See Jim Howe Homes, Inc. v.
Rogers, 818 S.W.2d 901, 905 n.3 (Tex. App.BAustin 1991, no writ).

In the instant
case, appellees argue that presentment was made though their pleadings and
participation in mediation.  However,
neither the filing of a suit, nor the allegation of a demand in the pleadings
can alone constitute presentment of a claim or a demand that the claim be
paid.  Huff v. Fid. Un. Life Ins. Co.,
312 S.W.2d 493, 500 (Tex. 1958); Grace, 54 S.W.3d at 344; Panizo v.
YMCA, 938 S.W.2d 163, 168 (Tex. App.BHouston [1st Dist.] 1996, no writ); Austin Forty, 744
S.W.2d at 271.  Appellees= contention that their claim for attorney=s fees was presented at mediation is not evidenced in the
record before this Court and therefore will not be considered on appeal.  Sabine Offshore Serv., Inc. v. City of
Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Harbor Perfusion, Inc. v.
Floyd, 45 S.W.3d 713, 717 n.1 (Tex. App.BCorpus Christi 2001, no pet.). 









However,
appellees also argue that appellant waived error with regard to the award of
attorney=s fees by
failing to object at trial to testimony regarding the amount of the attorney=s fees, the reasonableness of the attorney=s fees, and the necessity of the work performed.  There is no indication  in the record that appellant objected at the
trial level to appellees= failure to present their claim.  Moreover, in their request for affirmative
relief, appellees asserted that they had Aperformed all prerequisites and conditions precedent to
recovery under the aforesaid contract.@  If the plaintiff
includes this allegation, it does not have to prove that it complied with
conditions precedent unless the defendant alleges that plaintiff did not comply
with certain specific requirements.  Tex. R. Civ. P. 54; see Greathouse
v. Charter Nat=l Bank, 851 S.W.2d
173, 176-77 (Tex. 1992); Knupp v. Miller, 858 S.W.2d 945, 955 (Tex. App.BBeaumont 1993, writ denied). 
Appellant did not file a verified denial that appellees failed to
present the claim.  Therefore, this issue
has not been preserved for appeal.  See
Tex. R. App. P. 33.1.

Appellant also
attacks the legal and factual sufficiency of the evidence to support the award
of attorney=s fees.  The trial court awarded appellees attorney=s fees in the sum of $7,500 for services rendered through
trial.  Factors the trial court should
consider when determining the reasonableness of an attorney=s fee include:

(1)             
the time and
labor required, the novelty and difficulty of the questions involved, and the
skill required to perform the legal service properly;

 

(2)             
the likelihood
that the acceptance of the particular employment will preclude other
employment;

 

(3)             
the fee
customarily charged in the locality for similar legal services;

 

(4)             
the amount
involved and the results obtained;

 

(5)             
the time
limitations imposed by the client or by the circumstances;

 








(6)             
the nature and
length of the professional relationship with the client;

 

(7)             
the
experience, reputation, and ability of the lawyer or lawyers performing the
services; and

 

(8)             
whether the
fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered.

 

Garcia
v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999); see Arthur
Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997). 

Appellees= counsel testified that he had ten years of
experience, and his practice included commercial and business cases such as the
instant case.  He testified that he
charged $175.00 hourly, and that this fee was Aon the low end of
commercial cases in the Houston area and around in the counties surrounding
Houston.@  He testified that, based on his experience
regarding rates charged by other attorneys in the community on other commercial
cases,  this rate was reasonable.  Counsel stated that  he had spent eighty-two to eighty-three hours
working on the instant matter, and that all of his work was necessary.  He worked on this case from March 2001 until
trial in February 2002.  The case was set
for trial twice, and counsel testified that his time encompassed witness
interviews, client meetings, drafting pleadings seeking affirmative relief, Apaper@ discovery, three
depositions, a mediation, and trial preparation.  Counsel testified that the great majority of
his work involved factual discovery. 








Despite counsel=s testimony seeking
an award of approximately $14,500, the trial court found $7,500 to be a
reasonable and necessary award of attorney=s fees. 
Counsel=s testimony was
clear, positive, direct, and not contradicted by any other witness or attendant
circumstances.  Ragsdale, 801
S.W.2d at 882; Eller Media Co. v. State, 51 S.W.3d 783, 787 (Tex. App.BFort Worth 2001, no
pet.).  Accordingly, we conclude that the
trial court did not abuse his discretion in the award of attorney=s fees, and that the
award is supported by legally and factually sufficient evidence.

We overrule appellant=s final seven
issues.  The judgment of the trial court
is affirmed.



 

                                  

ROGELIO VALDEZ,

Chief Justice

 

Opinion delivered and filed

this 16th day of January, 2003.











[1]
Former Justice Maurice Amidei assigned to this Court by the Chief Justice of
the Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]
Davila contends that the agreed amount for the work was $6,000.





[3]The
foregoing is a summary of appellant=s
issues given that some are duplicative.