02-10-026-CV
















 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00026-CV

 

 


 
 
 JOE PAT RICKETT
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 LYNN W. LESIKAR
 
 
  
 
 
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE 48TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. 
Introduction

In
four issues, Appellant Joe Pat Rickett complains that the trial court erred by ruling
against him on his quantum meruit claim.  We affirm. 

II.  Factual and Procedural History

In December 2005, after a discussion about fees and
project specifications, Appellee Lynn W. Lesikar hired Rickett to perform seismic
data interpretation services for his oil and gas business.  Lesikar testified that he had asked
Rickett to do the seismic interpretation and to give him a report on it. 

In March 2007, Lesikar gave Rickett the seismic data
for analysis.  The following August,
after performing a computer analysis and having phone discussions with Lesikar,
Rickett tried to meet with Lesikar to provide an oral report of his
findings.  At that time, according to
Rickett, Lesikar told him that he would select a drilling site within ninety
days.  Unable to obtain a meeting with
Lesikar, Rickett delivered his final work product materials—twenty-seven
contour maps and six seismic lines, but no
written report[2]—to
Lesikar’s secretary on July 18, 2008, and received a receipt confirming
delivery.  Lesikar testified that he
could not read a seismic map, was not an expert at seismic interpretation, and
depended on experts to interpret seismic data. 
He stated that he received no benefit or use from the materials.

Rickett sued Lesikar under two alternate theories—suit
on open account and quantum meruit—seeking $3,146.45 for services rendered.[3]
 After a bench trial, the trial court
issued the following findings of fact pertinent to this appeal:

6.  [Rickett’s] testimony was not
credible as to the amount of time spent, the services rendered, or whether a
complete written seismic report was required.

 

7.  The parties agreed in December
2005 that [Rickett] would provide a complete written seismic interpretation in
a timely manner.

 

8.  [Rickett] did not complete the seismic
interpretation until June of 2007.

 

9.  [Rickett] did not deliver the
complete written seismic interpretation until July 2008, a year after he
completed [it] and two and a half years after the parties’ initial meeting.

 

10.  Delivery of the complete
written seismic interpretation was not timely.

 

11.  [Lesikar] did not accept or
use the work of [Rickett].

 

The trial court issued the following conclusions of
law pertinent to this appeal.

4.  In order to prove an action on
quantum meruit, a party must prove that it provided valuable services or
materials; that the services were provided for the defendant; that defendant
accepted the services; and that the defendant had reasonable notice that the
plaintiff expected compensation for the services or material.

 

5.  [Rickett] did not carry his
burden under any theory and is not entitled to recover. 

 

III.  Legal Sufficiency

          In
four issues, Rickett complains that the trial court erred by (1) “failing to
find that Rickett provided valuable services to Lesikar,” (2) “failing to find
that the services of Rickett were provided to Lesikar,” (3) “failing to find
that Lesikar accepted the services from Rickett,” and (4) “failing to find that
Lesikar had reasonable notice that Rickett expected compensation for the
services rendered.”  We construe his
issues as challenges to the legal sufficiency of the evidence to support the findings
upon which the trial court based its conclusion that Rickett did not carry his
burden on his quantum meruit challenge. 

A.  Standard of Review

Findings
of fact entered in a case tried to the court have the same force and dignity as
a jury’s answers to jury questions.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s findings of fact are
reviewable for legal and factual sufficiency of the evidence to support them by
the same standards that are applied in reviewing evidence supporting a jury’s
answer.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).

We
may sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire Co.
v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S.
1040 (1999); Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  In determining whether
there is legally sufficient evidence to support the finding under review, we
must consider evidence favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable
factfinder could not.  Cent. Ready Mix
Concrete Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller
v. Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005).  If a party is attacking the legal sufficiency
of an adverse finding on an issue on which the party had the burden of proof,
and there is no evidence to support the finding, we review all the evidence to
determine whether the contrary proposition is established as a matter of
law.  Dow Chem. Co. v. Francis, 46
S.W.3d 237, 241 (Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d
686, 690 (Tex. 1989).

“In
a bench trial, the trial court is the sole judge of the credibility of the
witnesses, assigns the weight to be given their testimony, may accept or reject
all or any part of their testimony, and resolves any conflicts or
inconsistencies in the testimony.”  Liberty Mut. Ins. Co. v. Burk, 295
S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.) (quoting Rich v. Olah, 274 S.W.3d 878, 884 (Tex.
App.—Dallas 2008, no pet.).  As a
reviewing court, “we may not pass upon the credibility of the witnesses or
substitute our judgment for that of the trier of fact, even if a different
answer could be reached upon review of the evidence.”  Id.

Conclusions of law may not be challenged for factual
sufficiency, but they may be reviewed to determine their correctness based upon
the facts.  AMX Enters., L.L.P. v.
Master Realty Corp., 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no
pet.) (op. on reh’g); Dominey v. Unknown Heirs & Legal Representatives
of Lokomski, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

B.  Quantum Meruit

          In his third issue, Rickett argues
that the trial court erred by failing to find that Lesikar accepted Rickett’s
services.  Rickett complains that there
is no evidence that Lesikar “ever refused or questioned in any manner the
services of Rickett during the period these services were provided,” and that
there is “no evidence to indicate a rejection of Rickett’s services by
Lesikar.” 

This
court has previously stated,

Quantum meruit is
an equitable remedy which does not arise out of a contract but is independent
of it.  Generally, a party may recover
under quantum meruit only when no express contract covering the services or
materials furnished exists.  This remedy
“is based upon the promise implied by law to pay for beneficial services rendered
and knowingly accepted.”  Recovery in
quantum meruit is available when nonpayment for the services rendered would “result
in an unjust enrichment to the party benefitted by the work.”  To recover under quantum meruit a claimant
must prove that:  (1) valuable services
were rendered or materials furnished; (2) for the person sought to be charged;
(3) which services and materials were accepted by the person sought to be
charged, used and enjoyed by him; (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff in performing such
services was expecting to be paid by the person sought to be charged.

 

Residential Dynamics, LLC v.
Loveless, 186 S.W.3d 192, 198–99 (Tex. App.—Fort Worth
2006, no pet.) (internal citations omitted)).

Rickett
and Lesikar were the only witnesses at trial.  Rickett testified that Lesikar’s secretary received
the work from him but that he was never able to give Lesikar his oral report.[4]  Lesikar stated that he depended on experts for
seismic information reading, that he did not know how to read Rickett’s maps,
that they confused him, and that he did not get any benefit or use from them. 

In
fact finding number 6, the trial court found that Rickett’s testimony was not
credible as to the services rendered, as it was entitled to do.  See Liberty
Mut. Ins. Co., 295 S.W.3d at 777. 
And in fact finding number 11, the trial court found that Lesikar did
not accept or use Rickett’s work.  Fact
finding number 11 is supported by Lesikar’s testimony set out above,
as well as Rickett’s admission that Lesikar never designated a drilling
location—the reason Lesikar sought Rickett’s services.  

As
stated above, the requirement is that the “services and materials were
accepted by the person sought to be
charged, used and enjoyed by him.” Residential Dynamics, 186 S.W.3d at
198–99 (emphasis added).  There
was sufficient evidence in the record for the trial court to find that Rickett’s
testimony was less credible than Lesikar’s with regard to the services Rickett
rendered, and for it to determine whether the services were valuable to Lesikar
and whether Lesikar accepted or used them.[5]  See id.; see also Carr v. Austin Forty, 744 S.W.2d 267, 272–73 (Tex. App.—Austin
1987, writ denied) (“To prevail on a quantum meruit claim, the plaintiff must
establish that the services were valuable from the perspective of the
defendant.”).  Therefore, we overrule
Rickett’s third issue and hold that the trial court did not err by determining
that he failed to prove his quantum meruit claim. Because of our disposition of
this issue, we need not address Rickett’s remaining issues.  See
Tex. R. App. P. 47.1.

IV.  Conclusion

Having
overruled Rickett’s dispositive issue, we affirm the trial court’s judgment. 

 

                                                                             
 
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J.; 
 
 
 
 
 
 MCCOY and 
 
 
 
 
 
 MEIER, JJ.     

 

DELIVERED:  October 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]Rickett denied agreeing to a written report, indicating that his standard
practice was to provide an oral report, and he testified that he told Lesikar
that there would be an additional cost for a written report.  Lesikar never received a report, written or
oral.





[3]Rickett
does not appeal on his open account claim.





[4]Rickett
testified that none of his clients had ever asked for a written report, that in
his ten years as a consultant he had always given his clients oral reports, and
that at the parties’ initial meeting in December 2005, “the word ‘written’
report was never used.”  He added that
when he spoke with Lesikar on the phone, Lesikar “mentioned something about a
written report.”  Rickett stated that he
told Lesikar, “If you can agree to pay me, then I’ll—the written report is
really no big deal.  I’ll just write you
a report; I’ll be glad to do that.  It’s
no problem.”  Lesikar never received any report, oral or
written, from Rickett. 

 





[5]Rickett
testified that the maps’ color coding was arbitrary and there just to help the
reader visualize the highs and lows of the terrain.  That is, on one map, yellow could represent a
certain contour that it might not represent on the next map.  Rickett stated that he offered many times to
meet with Lesikar and assist him in interpreting the data but that Lesikar
would not call him back.